THE STATE OF FLORIDA, EX REL. JAMES J. WILLIE ET AL., THE BOARD OF PUBLIC INSTRUCTION FOR JEFFERSON COUNTY, VS. WILLIAM D. BARNES, COMPTROLLER OF THE STATE OF FLORIDA, RESPONDENT.—MANDAMUS.

1. The act of the Legislature passed 22d February, 1885, directing that the Collectors of Revenue in the several counties of the State pay over to the Treasurers of their respective counties all moneys collected on account of the one mill State tax for the support and maintenance of common schools, and that the said Treasurers of the several counties disburse the same as other school funds, is in contravention of section 7, Art. 8, of the Constitution of the State of Florida, which provides that the common school fund shall be distributed among the several counties of

State ex rel. Willie et al. v. Barnes, Comptroller—Opinion of Court.

the State "in proportion to the number of children residing therein between the ages of four and twenty-one years."

2. A repealing clause in an unconstitutional statute, declaring that "all laws and parts of laws in conflict with this act be and the same are hereby repealed," does not affect the previous laws.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion.

*W. B. Lamar* and *R. B. Hilton* for Relators.

*The Attorney-General* for Respondent.

THE CHIEF-JUSTICE delivered the opinion of the court:

The relators filed their petition in this court praying for a writ of mandamus to William D. Barnes, Comptroller of the State of Florida. The petition alleges that by the Constitution, section 5, Art. 8, it is provided that a special tax of not less than one mill on the dollar of all taxable property in the State, in addition to the other means provided, shall be levied and apportioned annually for the support and maintenance of common schools, and that in section 7 of same article it is declared that provision shall be made by law for the distribution of the common school fund among the several counties of the State in proportion to the number of children residing therein between the ages of four and twenty-one years. That by an act of the Legislature of the State of Florida, passed March 9, 1883, it was directed that the County Treasurers of the several counties in this State forward to the State Treasurer all funds collected and paid over to them by the Collectors of Revenue on account of the one mill State tax for the support of common schools before the first Monday in April in each year, and that by said act the Superintendent of Public Instruction is authorized and instructed on the first

Monday in May, in each year, to apportion among the several counties in the same manner, and on the same basis as the interest on the common school fund is apportioned, all moneys that may be in the hands of the State Treasurer belonging to the fund arising from the one mill State tax for school purposes.

The petition further alleges that by a pretended Act of the Legislature of the State of Florida, of the 22d day of February, 1885, it is directed that the Collectors of Revenue in the several counties in the State pay over to the County Treasurer of the same all moneys collected on account of the one mill State tax for the support of common schools, and that the said County Treasurers of the several counties disburse said moneys as other school funds for school purposes are disbursed, and that said pretended act attempts to repeal all laws and parts of laws in conflict therewith.

That said Barnes, Comptroller of the State of Florida, in the month of February, 1885, directed the County Treasurer of Jefferson county, Florida, to retain all funds paid to him after the 22d day of February, 1885, on account of the one mill school tax to be disbursed as directed in the pretended act last above mentioned, and under the direction of the County Boards of Public Instruction. The petition alleges that by means of the distribution provided for in the act of 1885, loss has resulted to the school fund of Jefferson county. That said act is in violation of the Constitution the State. The petitioners pray that a writ of mandamus be directed to said William D. Barnes, Comptroller of the State of Florida, commanding him to execute and enforce the provisions of the act aforesaid, of 1883, and to that end he revoke and recall his instructions and directions, given as aforesaid, to the County Treasurer of Jefferson county and to the County Treasurers of the sev-

eral counties of the State, with regard to the disposition of the fund paid to him and them on account of the one mill State school tax, and that he be reqired to direct the Treasurer of Jefferson county and the County Treasurers of the several counties of the State to forward to the State Treasurer all funds collected and paid over to him and them by the respective several Collectors of Revenue on account of said tax. An alternative writ was granted in accordance with the prayer of the petition. The respondent admits sending the instructions to the Treasurer of Jefferson county as alleged in the alternative writ, and denies that the facts recited in said writ entitle the relators to a mandamus against him.

The question presented by the writ and return thereto is the constitutionality of the act of the Legislature of February 22d, 1885.

Section 4, Art. 8, Constitution, is as follows : " The common school fund, the interest of which shall be exclusively applied to the support and maintenance of common schools and purchase of suitable libraries and apparatus therefor, shall be derived from the following sources: The proceeds of all lands that have been or may hereafter be granted to the State by the United States for educational purposes, donations by individuals for educational purposes, appropriations by the State, the proceeds of lands or other property which may accrue to the State by escheat or forfeiture, the proceeds of all property granted to the State, when the purpose of such grant shall not be specified, all moneys which may be paid as an exemption from military duty, all fines collected under the penal laws of this State, such portion of the per capita tax as may be prescribed by law for educational purposes, twenty-five per centum of the sales of public lands which are now or may hereafter be owned by the State."

Sec. 5, Art. 8, is as follows: " A special tax of not less than one mill on the dollar of all taxable property in the State, in addition to the other means provided, shall be levied and apportioned annually for the support and maintenance of common schools."

Section 7, Art. 8, is as follows: " Provision shall be made by law for the distribution of the common school fund among the several counties of the State, in proportion to the number of children residing therein between the ages of four and twenty-one years."

Section 4 enumerates what shall constitute the " common school fund " and provides that the *interest* thereon shall be exclusively applied to the support and maintenance of common schools and purchase of libraries and apparatus therefor.

Section 5 provides for a special tax of one mill in addition to the other means provided to be levied and apportioned annually for the support and maintenance of common schools. It is argued by the counsel for the respondent, that inasmuch as section 4 specifies and enumerates what shall constitute the " common school fund," and section 7 provides only for the distribution of the "common school fund," that the method of apportionment directed therein is confined in its operation to section 4, and did not include therein any reference to the tax provided by section 5, and that as a consequence the apportionment of said one mill tax was left by the Constitution to the discretion of the Legislature. Although the language in both sections 4 and 7 is the same, " the common school fund," yet it is apparent that the word fund is used in a different sense in each section. If it meant the same in section 7 as the same word in section 4, it would violate section 6 that provides that the principal of the common school fund shall remain sacred and inviolable. It is evident that

the language used in section 7 for the "distribution of the common school fund" could not mean the "common school fund" mentioned in section 4, the interest alone of which could be used for the support and maintenance of common schools, and the principal of which was to remain sacred and inviolable.

The fund contemplated in section 4 is a sum which was to operate as a foundation of the common school system, the income of which is devoted to a specific object, to-wit: the support and maintenance of the common schools.

The word as used in section 7 is used in the sense of money or income, a resource to meet necessary expenses. To construe it otherwise would be to apportion and distribute a fund which the Constitution specifically says shall not be touched.

Taken in this view the words "common school fund" in section 7 would include all resources provided by Art. 8 of the Constitution for the support and maintenance of the common schools, and would furnish the method of their apportionment. It comprises the *interest* on the common school fund mentioned in section 4, and the one mill tax authorized by section 5. Our conclusion is that the act of the Legislature of 22d February, 1885, entitled "an act in relation to the apportionment of the one mill State tax for school purposes," is in violation of section 7, Art. 8, of the Constitution. The statute of the 22d February, 1885, being unconstitutional, does not affect the previous statute. Tunno vs. State, 26 Ala., 165.

Let the peremptory writ issue.