C. N. SMITH v. C. J. WOODRUFF, Chief of Police of the City of Tampa, Florida.

2 So. (2nd) 583
Special Division B
Opinion Filed May 27, 1941

*Burton G. Henson* and *Paul Game,* for Plaintiff in Error;

*Ralph A. Marsicano* and *Alonzo B. McMullen,* for Defendant in Error.

BUFORD, J.—On September 28, 1937, the Board of Representatives, of the City of Tampa, which is the law-making body of that municipality, enacted Ordinance Number 651-A, entitled:

"An Ordinance to Provide for the Licensing of Certain Privileges, Businesses, Occupations or Professions, Carried on and Engaged in Within the City Limits of The City of Tampa, and to Fix the Amount of Such License Taxes, to Provide for the Proper Determination of the Amount Thereof, to Provide for the Collection Thereof, and Prescribing Penalty for the Violation of the Terms Hereof, and to Repeal Any Existing Ordinances or Parts of Existing Ordinances in Conflict Herewith."

Section 1 of the ordinance provided:

"That a license tax be, and the same is hereby levied upon and shall be collected from every person, firm or corporation exercising the privileges or carrying on or engaging in the businesses, professions or occupations hereinafter specifically enumerated, as fixed hereinafter; each of said amount, unless otherwise specifically stated, being the amount payable as a license tax for exercising such privilege or for carrying on or engaging in such business, profession or occupation mentioned from and including the first day of October, A. D. 1937, until and including the 30th day of September, A. D. 1938, and it shall be unlawful for any person, firm or corporation to carry on or engage in any business, occupation or profession herein prescribed and designated without having first

paid the license tax as provided herein, and/or complied with the terms hereof, as follows, to-wit:"

Among the professions to which the license tax applied was that of attorneys at law.

Section 7 of the ordinance provided:

"That each provision in this ordinance contained and each license tax by this ordinance imposed is intended to be separate and independent, and said license taxes are intended to be construed distributively, *and that if any section or any part of the section shall be held or declared unconstitutional or invalid,* it shall not affect any *other section* or *part of a section* not so *specifically* held or declared to be unconstitutional and invalid. . . . All Ordinances or parts of Ordinances in conflict with any of the provisions of this Ordinance, be and the same are hereby repealed."

Section 6 provided for collection of the license tax by distress warrant.

Section 9 prohibited anyone engaging in businesses, occupations or professions without complying with the provisions of the ordinance.

Section 12 provided penalty for violation of the ordinance.

On July 27, 1938, C. N. Smith, who is plaintiff in error here, and others, brought suit in the Circuit Court of Hillsborough County, Florida, to enjoin the enforcement of the provisions of the ordinance on the ground that the license tax required to be paid by those engaging in the professions enumerated in the ordinance was arbitrary and unreasonable in amount. The circuit court on motion dismissed the bill of complaint. The plaintiffs appealed and on review of this Court on October 31, 1938, reversed the decree of the lower court, holding that the allegations of the bill

of complaint were sufficient to show that the licenses prescribed under the ordinance were arbitrary, unreasonable in amount and that in so far as the ordinance fixed such amounts as the tax on such licenses, it was invalid.

On April 3, 1939, warrant was issued by the judge of the municipal court of the City of Tampa charging C. N. Smith as an attorney with the offense of doing business as an attorney for the year which began October 1, 1937, without having paid his city license therefor, in violation of Section 307 of the Compiled Ordinances of 1926 of the City of Tampa. Under this warrant C. N. Smith was arrested by the chief of police of the City of Tampa. On April 17, Smith filed petition for writ of habeas corpus. The writ was issued. The defendant chief of police filed return. The return shows that the defendant was held under a charge as follows:

"No. C-5666.

"In Municipal Judge's Court, City of Tampa,

"City of Tampa v. C. N. Smith.

"C. N. Smith did on the 1st day of October, 1937, do business as Attorney at Law without having first paid or cause to be paid a City License therefor, in violation of City Code, Section 307, within the limits of the City of Tampa, Florida."

And avers:

"The said docket charge constitutes a valid legal charge against the said C. N. Smith under Section 307 of the City Code or the Compiled Ordinances of the City of Tampa, Florida, and that the said C. N. Smith is legally and lawfully held and detained in the custody of this respondent, C. J. Woodruff, as Chief of

Police of the City of Tampa, Florida, by virtue of the above charge upon the docket of the Municipal Court of the City of Tampa, Florida, and under a warrant or mandate issued by the Judge of the Municipal Court of the City of Tampa, charging the said C. N. Smith with doing business as an Attorney at Law without having first paid or cause to be paid a city license.

"This Respondent prays that the Petition and Writ may be dismissed and that the Petitioner, C. N. Smith, may be remanded to the custody of this Respondent, as Chief of Police of the City of Tampa, Florida, to answer the charge under which he was arrested."

The following stipulation appears in the record:

"It is agreed between counsel for the City of Tampa and the petitioner C. N. Smith, that the hearing before the Honorable Harry N. Sandler, one of the Judges of the above styled Court, on September 3, 1940, in the above habeas corpus hearing, there was no testimony taken by the Court except the introduction in evidence, without objection, of Sections 306 and 307 of 'The Compiled Ordinances of the City of Tampa of 1926' adopted the 7th day of September, 1926, and Ordinance 651-A adopted September 30, 1937.

"That a true and correct copy of said Section 306 and 307 of 'The Compiled Ordinances of the City of Tampa of 1926' is attached hereto marked 'Exhibit A,' and by specific reference made a part hereof.

"There is also attached hereto a true and correct copy of said Ordinance 651-A, marked 'Exhibit B' and by specific reference made a part hereof.

"That, at the trial or final hearing of this cause as aforesaid, the only question argued before the Court was:

"Whether the $25.00 per year license tax on attor-

neys as provided by said Sections 306 and 307 of 'The Compiled Ordinances of the City of Tampa of 1926' was repealed by said Ordinance 651-A adopted September 30, 1937."

"That there is only one assignment of error to be argued on this appeal, which assignment of error is as follows:

"That the court erred in entering its final judgment under date of September 3, 1940."

That the following shall constitute the complete record to be submitted to the Supreme Court in this appeal in lieu of written directions to the Clerk, to-wit:

"1. Petition for Habeas Corpus.

"2. Habeas Corpus Writ.

"3. Return of Respondent C. J. Woodruff, as Chief of Police of the City of Tampa.

"4. Judgment of the Court entered September 3, 1940.

"5. Writ of error issued by the Honorable Harry N. Sandler, Judge of the Circuit Court of Hillsborough County, Florida, on September 21, 1940.

"6. Motion of plaintiff for extension of time to file Bill of Exceptions, and Order thereon; and

"7. This Stipulation."

Ordinance No. 651-A only repealed other ordinances, or parts of ordinances, which were in conflict with the valid provisions of Ordinance 651-A and, as this Court declared that provision of that ordinance fixing the amount of license taxes to be paid by attorneys and other persons engaged in the professions therein enumerated to be unreasonable, arbitrary and void, such provision of the ordinance was not a valid provision and, therefore, did not accomplish the repeal of

a former ordinance fixing a substantially smaller amount as a license tax. See City of Portland v. Schmidt, 6 Pac. 221; McQuillin on Municipal Corporations, 2nd Ed. Rev. Vol. 2, Sec. 877; Lane-Moore Lumber Co. v. Storm Lake, 151 Iowa 130, 130 N. W. 924; Sapiro v. Frisbie, 93 Cal. App. 299, 270 Pac. 380; State ex rel Willie, et al., v. Barnes, 22 Fla. 8; Sawyer, et al. v. State, 100 Fla. 1603, 132 Sou. 188; State v. Mizell, 128 Fla. 125, 174 Sou. 216, and cases there cited.

While the stipulation is to the effect that the only question presented is whether or not the provision of Sections 306 and 307 of the Compiled Ordinances of the City of Tampa of 1926 were repealed by Ordinance No. 651-A, we cannot escape the responsibility of considering the record and determining the rights of the petitioner in habeas corpus.

The record here shows that during the entire license year beginning October 1, 1937, and ending September 30, 1938, the City of Tampa was attempting to enforce against this defendant, and others like situated, the provisions of Ordinance No. 651-A and was insisting that this petitioner must pay the amount required by that ordinance to procure a license and was contending that the provisions of that ordinance constituted the valid and binding license law of the municipality.

This petitioner is charged with a criminal offense, for violating an ordinance which the City at the time of the alleged violation insisted and contended was repealed by a subsequent ordinance and was then of no force and effect.

We think it would be unconscionable to say that the city could attempt to repeal an ordinance by the enactment of a new ordinance and when the new ordinance

is found to be invalid and void, because of the exorbitant amount required to be paid as a license tax, then proceed to prosecute criminally one who had allegedly violated that very ordinance which the municipality was at all times during the license period insisting had been repealed and was then of no force and effect.

Cases cited by counsel appear to be of little, if any, value in consideration of the question of the city's right to maintain criminal prosecution under existing factual conditions, because we have not been cited to a case in point. This is not a case in which the city is attempting to collect a license tax and, therefore, whether or not the city may proceed to collect the $25.00 license tax prescribed by Section 307 of the Compiled Ordinances of the City of Tampa, we are not called upon to determine. What we hold is that the city, by attempting to pass an ordinance and for the period of the entire license year from October 1, 1937, to and including September 30, 1938, endeavoring to enforce the provisions of that ordinance, by requiring the payment of a license tax of $60.00 instead of $25.00, is estopped from maintaining the criminal prosecution against this petitioner, or others like situated, for doing business without having procured a license for the sum of $25.00, which license the city at all times contended was not available to petitioner for that amount.

For the reasons stated, the judgment should be reversed and the cause remanded with directions that petitioner be discharged.

It is so ordered.

BROWN, C. J., TERRELL and CHAPMAN, J. J., concur.