THOMAS, Justice.
The bill of complaint was dismissed on motion of defendants, present owners of property which was owned by one P. E. Redditt at the time a judgment was entered against him and two other persons in February 1933. Redditt died intestate in 1937 and his estate was never administered.
The instant suit was brought in September 1952 by the original judgment creditor against the grantees of the heirs of Red-ditt to foreclose the lien of the judgment. Section 222.10, Florida Statutes 1951, and F.S.A. The Chancellor dismissed the bill of complaint upon motion of defendants because he thought “The judgment * * * expired three years after the death of the judgment debtor”; that the applicable law was that now found in section 733.19 and section 734.29, Florida Statutes 1951, and F.S.A., which were in effect at the time of *773 the death of Redditt; and that the rights of the judgment creditor under Article III, Section 33, of the Constitution were not violated by such an interpretation.
The suit was instituted well within the twenty-year period fixed by the statute of limitations, Section 95.11 (1), Florida Statutes 1951, and F.S.A., but more than nineteen years after the adoption in 1933 of Florida Probate Law, Chapters 731-734, Florida Statutes 1951, and F.S.A.
From all appearances the suit was quite properly brought except for the complications caused by the death of the judgment debtor.
' ■ We are asked whether the parts of the Probate Act relating to the filing of claims against estates control this controversy. The appellees insist that.they do, while the appellant claims that the acts could not have any effect else they would be- violative of. the section of the Constitution we have cited. The first of the acts, 733.19, supra, precludes the issuance of execution or levy under a judgment against a decedent upon the propérty of the estate' and instead ‘requires the claims of the holders of such judgments to be filed in the same manner as other claims excepting “mortgages, pledges or liens, or claims to specific property * * The second, Section 734.29, supra, protects the estate of any decedent from liability on any cause of action or from any obligation after three years from the decedent’s death unless letters testamentary or letters of administration have been issued within that period. Here, again, mortgages and certain liens are excepted.
The appellant seems to stand on the proposition that she had twenty years to enforce her judgment and that she could do so in her own good time within that limitation despite the death ■ of her debtor sixteen years before the period,, expired. Of course, if such a position were sustained, the closing of estates of persons dying before the effective date of the Probate Act would have suffered protracted delay, if, perchance, any judgments had recently been entered against the decedents.
But we see no reason to search further for an answer to the question the appellant propounds because, even if her contention should prevail, she could not escape the effect of the law which was on the statute books at the time the judgment was entered, that is, the law which governed, prior to the enactment in 1933 of Florida Probate Law, supra, the presentation of claims against an estate irrespective of the twenty-year statute of limitations. It was then provided that “After, ten years from the death of' any person, his estate [should] not be liable for any of his debts unless letters testamentary or of administration [had] been taken out within said ten years.” Chapter 2928, Revised General Statutes of 1920. There is no intimation, even in the bill of complaint, that this law could have been complied with for, as we stat.ed. at the outset, there never was any administration of the estate of. Redditt.
Appellant undertakes to convince us that the 1933 Probate Act specifically repealed the-above statute; hence the positive provisions of the Probate Act did not -affect her claim, and the repealing section disposed of the corresponding law which ¡existed. at the time the claim arose. She reasons that this process of neutralization left no law operating on her judgment save the twenty-year statute of limitations. To use appellant’s own words, taken from her brief, this problem is dismissed with the comment: “Therefore, the only law that could' and does apply to this judgment is the twenty-year statute of limitations on judgments and decrees.” We do not wish to appear to beg the question of the effect of the provisions of the 1933 Probate Act upon judgments entered before it became law but we feel free to decide this case on the theory that if the provisions of the later law did not govern, the provisions of the Act attempted to be repealed by it were the ones which bound the appellant to present her claim against the, estate, of the judgment debtor. We reject the view that if a right, obligation or limitation arises because of law existing at the time, that right, obligation or limitation may be ob-. literated by the repeal of the law. Were we to adopt the appellant’s view it would seem to require our holding that so much of the 1933 Probate Act as was disadvantageous *774 to her should be disregarded as retroactive and invalid while that part that served her purpose, though retroactive, was valid. See State ex rel. Willie v. Barnes, 22 Fla. 8.
We find no emir in the order of the Chancellor disallowing an amendment of the bill of complaint and dismissing it with prejudice notwithstanding the provisions of the rule providing for amendments. Florida Equity Rule 29. It is apparent that the circumstances reflected in the bill of complaint were not subject to revision and it is certain that the Chancellor did not base his ruling on any deficiency in pleading but decided the question of law on the basis of the allegations of the bill. According to the record there was no representation that there were inaccuracies in the statement of' the factual situation requiring correction or revision. True, under the rule, the plaintiff was entitled to amend the bill before the defendants filed their answer .but there was no attempt to do so or to apprise the court that such a course was necessary.
To hold that the Chancellor erred simply because he dismissed the bill on motion before the time for amending “as of course” expired, namely, the filing of the answer, would, in our opinion, distort the purpose of the rule beyond recognition.
Affirmed.
ROBERTS, C. J., and TERRELL, SEB-RING, MATHEWS and DREW, JJ., concur.
HOBSON, J;, not participating.