177 So.2d 54 (1965)
Frances Jean BEATY, Appellant,
v.
Charles A. BEATY, Appellee.
No. 4454.
District Court of Appeal of Florida. Second District.
July 7, 1965.
*55 George W. Phillips, of McDonald & Phillips, Tampa, for appellant.
John W. Boult, of Shackleford, Farrior, Stallings, Glos & Evans, Tampa, for appellee.
WILLIAMS, O. EDGAR, Jr., Associate Judge.
The appellant seeks reversal of portions of a final decree entered by the chancellor *56 in the lower court in which decree the appellant, as plaintiff below, was awarded a decree of divorce from the appellee on the ground of extreme cruelty.
As its findings the court stated "that the plaintiff now has assets in the sum of approximately $23,000.00 in cash, which includes the sum hereby awarded to the defendant, the defendant's assets being approximately of like amount, the defendant being gainfully employed with a net income of about $900.00 per month, the plaintiff likewise being capable of gainful employment as shown by the evidence in this case." The court further found that no children were involved in the proceeding. The decree also stated that "neither of the parties is without blemish though the court finds that the fault is more with the defendant. * * *" The decree denied Plaintiff-Appellant's application for alimony although it retained jurisdiction to award alimony "* * * should the circumstances of the defendant and necessity of the plaintiff justify the same." Use of the home premises was awarded the Plaintiff-Appellant so long as she lives thereon or until she remarries, with the mortgage payments and other expenses for its upkeep being declared a joint obligation of the parties. The decree ordered the Plaintiff-Appellant to turn over to the Defendant-Appellee certain stock certificates in his name, together with certain of his personal property, and awarded her a stipulated attorney's fee of $2500.00.
Appellant's focal point of attack, in addition to her complaint of the denial of alimony, seems to be directed at paragraph 3 of the final decree which reads as follows:
"3. The plaintiff, Frances Jean Beaty, is hereby directed to pay to the defendant, Charles A. Beaty, the sum of $4,811.17, together with interest thereon at the rate of 6% per annum from this date, which the Court finds to have been withdrawn by the Plaintiff from their joint accounts without defendant's knowledge and consent, to-wit:
(a) The sum of $1000.00, being interest on $7,000.00 from May 8, 1956, to January 13, 1961, being the monies withdrawn by the plaintiff on May 8, 1956, from the joint account of the parties hereto in the First Wisconsin National Bank of Milwaukee, Wisconsin;
(b) The sum of $1000.00 plus interest thereon in the sum of $195.00, being the sum withdrawn by the plaintiff from the joint checking account of the parties in the First Wisconsin National Bank of Milwaukee, Wisconsin, by check dated May 13, 1957;
(c) The sum of $500.00 plus interest thereon in the sum of $88.97, being the amount withdrawn by the plaintiff from the Citizens First National Bank of Frankfort, New York, on July 25, 1957;
(d) The sum of $500.00 plus interest thereon in the sum of $68.50, being the amount withdrawn by the plaintiff from the joint account of the parties in the National Bank and Trust Company of Fairfield County, Connecticut, on February 16, 1959;
(e) The sum of $280.00 plus interest thereon in the sum of $26.00, being the amount deposited by the plaintiff in her Savings Account No. 1,584,783, Dime Savings Bank of Brooklyn, New York, and being a refund for two months' rent;
(f) The sum of $500.00 plus interest thereon in the sum of $106.00, by check dated December 20, 1956, signed by the plaintiff and payable to the order of Barney Natoli, drawn on the First Wisconsin National Bank of Milwaukee, Wisconsin; and
(g) The sum of $500.00 plus interest thereon in the sum of $46.70, being the amount withdrawn by the plaintiff from the joint account of the parties in the Bank of Babylon, Long Island, New York, on March 21, 1960."
The appellant contends that the chancellor's findings in paragraph 3 of the *57 decree, as quoted above, are dependent entirely upon the consideration of a number of photostatic copies of checks which appellant contends were erroneously received in evidence because they were not properly authenticated. With this we disagree, for we find ample evidence in the record which the lower court could have considered in arriving at these findings. Further, we do not find any place in the record where appellant's counsel objected specifically upon this ground to admission of the checks in evidence. It is fundamental that an appellate court will review only those questions timely presented and ruled upon in the trial court. And on appeal, a claim not made before the trial court in the proper manner will be considered as waived. Lee County Oil Company v. Marshall, Fla. App., 98 So.2d 510, 512, Certiorari denied, Fla., 101 So.2d 819.
It is further a contention of the appellant that before the chancellor could direct the appellant to turn over to the appellee the amounts she had previously withdrawn from the joint checking accounts of the parties, as listed in paragraph 3 of the decree, the chancellor would first have to determine that appellant was guilty of fraud. The chancellor did not state that appellant-plaintiff was guilty of fraud and we do not feel that such a finding of fraud was necessary as a prerequiste to his ordering the return of sums previously withdrawn from a joint checking account. This is more in the nature of an accounting. The joint checking accounts were owned by the parties as an estate by the entireties and if portions thereof were removed by one of the parties for a purpose not consistent with their joint interests the chancellor could properly require a return of such portion as would do equity. The adjustment of property rights upon divorce is an equitable proceeding and is governed by equitable principles. Not the least of these principles is the maxim that he who seeks equity must do equity. Turk v. Turk, Fla. App., 118 So.2d 67, 70.
Appellant next complains that the lower court erred in denying her any alimony. The questions of whether alimony shall be awarded, and, if so, how much shall be awarded, rest within the sound judicial discretion of the chancellor and his determination will not be disturbed in the absence of a clear abuse of discretion. Kahn v. Kahn, Fla., 78 So.2d 367; Pross v. Pross, Fla., 72 So.2d 671. An examination of the record fails to reveal a clear abuse of discretion on the part of the chancellor. It is noted that the chancellor retained jurisdiction to award alimony in the future "* * should the circumstances of the defendant and necessity of the plaintiff justify the same." If, as appellant contends, she comes to face "almost certain poverty in her declining years," the situation can be corrected by an application to the court and a showing of the change of circumstances.
The last remaining point which appellant has asserted as a ground for appeal is that the chancellor erred in failing to require a verbatim transcript of the testimony to be prepared and presented to him for his study before entering his final decree. This is a matter wholly within the discretion of the chancellor and we find no abuse of his discretion by his failure to require a transcript. The chancellor heard the testimony, and it was within his province to determine the need for any such transcript.
The decision of the chancellor comes to this court with a presumption of correctness and the appellant's burden is to establish that the decree was clearly erroneous. Dings v. Dings, Fla., 161 So.2d 227, and cases cited therein. The appellant has failed to sustain her burden.
The final decree is affirmed.
SHANNON, Acting C.J., and ANDREWS, J., concur.