200 So.2d 192 (1967)
RADIATION, INC., a Florida Corporation, Appellant,
v.
Marian CAMPBELL, As Administratrix of the Estate of Charles A. Campbell, Deceased, Appellee.
No. 429.
District Court of Appeal of Florida. Fourth District.
May 31, 1967.
Rehearing Denied July 17, 1967.
William L. Eagan, of Arnold, Matheny & Eagan, Orlando, and Hal H. McCaghren, West Palm Beach, for appellant.
Sam D. Phillips, Jr., of Phillips & Hathaway, West Palm Beach, for appellee.
GONZALEZ, JOSE A., Jr., Associate Judge.
The narrow question presented by this appeal concerns the operation of Section 734.29, Florida Statutes, F.S.A., Limitations against unadministered estates, as an affirmative defense and absolute bar to plaintiff's claim.
*193 The material facts disclose that defendant's decedent, Charles A. Campbell, was employed by the plaintiff as a research engineer on July 12, 1954. As part of the consideration for such employment, decedent executed an agreement whereby he contracted to assign to plaintiff all inventions and patents thereafter issued to him.
Campbell continued this employment until September 1, 1957, and during said employment applied to the United States Patent Office for four patents on certain electronic devices developed by him while in plaintiff's employ.
Decedent died December 22, 1957, while the patent applications were pending. Thereafter the four United States patents which are the subject of this litigation were issued to "Charles A. Campbell, his heirs or assigns."
Plaintiff had actual knowledge of Campbell's failure to execute an assignment upon application and of his subsequent death as early as 1958.
In 1963, plaintiff filed a Petition for Letters of Administration in the County Judge's Court of Palm Beach County. The defendant appeared therein and exercised her right of preference to be appointed administratrix of her late husband's estate. See Sections 732.43 and 732.44, Florida Statutes Annotated.
Plaintiff then brought this present action for specific performance and other relief seeking the assignment of the patents to itself. Defendant answered and raised the affirmative defense of the statute of limitations.
Section 734.29, Florida Statutes, F.S.A., provides that:
"(1) After three years from the death of any person his estate shall not be liable for any obligation or upon any cause of action if no letters testamentary or of administration with respect thereto have been taken out in Florida within said three years * * *."
In both Gilpen v. Bower, 1943, 152 Fla. 733, 12 So.2d 884, and Holden v. Patterson, Fla. 1953, 64 So.2d 772, it was held that this statute protected the estate of a decedent from liability on any cause of action or any obligation. Further, in Grable v. Nunez, Fla. 1953, 64 So.2d 154, while recognizing that in courts of equity there is no such thing as a statute of limitations but rather that the court is governed by the doctrine of laches, the Florida Supreme Court nevertheless held an equity action could be barred by applying the statute of limitations.
It follows, therefore, that the chancellor below was eminently correct when he found that plaintiff's cause of action was barred by Section 734.29, Florida Statutes, F.S.A.
Appellant attempts to avoid this result by raising a theory of the case on appeal not previously presented to the trial court.
It is a rule of long standing that an appellate court will confine itself to a review of those questions which were raised and determined in the trial court. Alliance for Conservation of Nat. Resources, etc. v. Furen, Fla.App. 1960, 122 So.2d 51; Mariani v. Schleman, Fla. 1957, 94 So.2d 829; Jones v. Neibergall, Fla. 1951, 53 So.2d 918; Condrey v. Condrey, Fla. 1957, 92 So.2d 423; 2 Fla.Jur., Appeals, § 290.
This court has carefully reviewed the record and fails to find that the proposition that the defendant herein is the trustee of her late husband was ever presented to the trial court and hence the same is not before us for review.
No error having been made to appear the final decree of the lower court be and the same is hereby affirmed.
Affirmed.
WALDEN, C.J., and ANDREWS, J., concur.