PER CURIAM.
Appellant, plaintiff in the trial court, seeks review of an adverse final judgment on the pleadings, dismissing the appellant’s complaint for specific performance.
The parties herein entered into certain written memoranda and addendum thereto, whereby the appellant was to secure financing, engineering, architectural and mechanical drawings, and permits necessary to construct a 500 room hotel on property owned by the appellee. The appellant allegedly accomplished the foregoing and the appellee allegedly breached their agreement by refusing to permit the appellant to go forward with construction of the hotel. *507 As a result, the appellant brought the instant suit seeking specific performance. The appellee answered, moved for a summary judgment and a judgment on the pleadings. After hearing on the motions, the trial court found the exhibits attached to the complaint were so lacking in the essential or substantive features of an agreement as to be incapable of specific performance. As a result thereof, the trial court entered the final judgment of dismissal appealed herein. We affirm.
 The written memoranda were not sufficient in detail to justify a specific performance decree. See: Wolfson v. Moye, Fla.App.1968, 214 So.2d 629. The appellant also urges that the trial court erred in refusing its motion to amend. We fail to find any ruling by the trial court on this point; therefore it is not preserved for review. Jones v. Neibergall, Fla.1951, 53 So. 2d 918; Beaty v. Beaty, Fla.App.1965, 177 So.2d 54; Radiation, Inc. v. Campbell, Fla. App.1967, 200 So.2d 192; 2 Fla.Jur., Appeals, § 287.
The appellant has attempted, in argument, to contend the trial court should have retained the matter to determine damages, if any, which might have been recovered by the plaintiff. However, no request for such was made in the trial court, no order was entered thereon, and no assignment of error was directed to this matter. Therefore, we find this argument to be without merit on this appeal. Jones v. Neibergall, supra; Vaughn v. Smith, Fla. 1957, 96 So.2d 143; Williams v. Williams, Fla.App.1965, 172 So.2d 488; Beaty v. Beaty, supra; Snead v. Le Jeune Road Hospital, Inc., Fla.App.1967, 196 So.2d 179; Radiation, Inc. v. Campbell, supra; 2 Fla. Jur., Appeals, §§ 117, 287.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.