## MATTHEW R. SMITKE, JR. v. TRAVELERS INDEMNITY COMPANY.

118 N. W. (2d) 217.

November 23, 1962—No. 38,927.

*Cavan O'Neill,* for appellant.

*Reavill, Jenswold, Neimeyer & Johnson* and *John J. Killen, Jr.,* for respondent.

ROGOSHESKE, JUSTICE.

Appeal from a summary judgment denying coverage to plaintiff under an automobile liability insurance policy. Certain provisions of the basic policy designed to extend coverage for medical expense and for protection against an uninsured motorist to a "relative" of the named insured were made an integral part of the policy. Another provision defines "relative." The question presented is whether such provisions, which exclude plaintiff, a son of the insured, because of his ownership of a private passenger automobile, are ambiguous or unreasonable and capricious in effect.

There are no disputed facts. Plaintiff suffered personal injuries and incurred medical expenses as a result of an automobile collision which occurred while he was riding as a passenger in an automobile owned

and negligently operated by an uninsured motorist. At the time of the accident defendant had issued to plaintiff's father its so-called "Valu-Pact" automobile liability insurance policy. The usual provisions of such a policy were extended to afford to the named insured and any "relative" residing in his household "MEDICAL EXPENSE COVERAGE" and "Protection Against UNINSURED MOTORISTS COVERAGE." When plaintiff was injured he was a relative residing in the household of his father but he also owned an automobile.

Defendant denied coverage for both medical expense and protection against the negligence of the uninsured motorist on the grounds that the policy excluded any relative who "owns a private passenger automobile" and that the automobile owned by the plaintiff was not itself covered by the policy. The trial court granted defendant's motion for summary judgment and plaintiff appeals from the judgment subsequently entered.

Plaintiff claims that the pertinent provisions of the policy are ambiguous and also that they are unreasonable and capricious in effect.

Unlike many insurance policies, this policy is in booklet form. It begins on page 3 with provisions relating to liability coverage and immediately following is that part of the policy designated "MEDICAL EXPENSE COVERAGE"; then follow, on pages 4 and 5, provisions relating to "Persons Insured." It is clear that coverage for medical expense incurred "while occupying or through being struck by an automobile * * * of any type" is afforded to both the named insured and any relative, as defined in the policy. Immediately following these provisions, on pages 5 and 6, are listed numerous "Definitions [as] used in this policy." Each word or phrase defined is printed in boldface type. Among the definitions is the following:

" 'relative' means a relative of the named insured who is a resident of the same household, provided neither he nor his spouse owns a private passenger automobile."

After exclusionary provisions relating to the liability and medical expense coverages not here pertinent, there appears on page 8 that

part of the policy designated "Protection Against UNINSURED MOTORISTS COVERAGE."[1] Immediately following, on page 9, appears:

"Persons Insured

"The following are insureds under the Uninsured Motorists Coverage:

"(a) the named insured and any relative."

1. In determining the questions presented, the pertinent provisions must be read and studied independently and in context with all relevant provisions and the language of the policy as a whole. We must also bear in mind that, as the parties have agreed, both the medical expense coverage and uninsured motorists coverage are available only as additions to an automobile liability policy. In other words, one must own an automobile and purchase a liability policy to obtain such coverage. In the light of the foregoing, it is difficult to find any merit in plaintiff's claim of ambiguity. While the definition of the word "relative" is not repeated each time it is used in the pertinent provisions, the use of the word is not only consistent with the use of all other words and phrases defined in the policy but also with the usual and accepted practice in drafting similar instruments. We believe that any reasonable reading of these provisions would compel one to conclude that the protection afforded relatives of the insured was limited to those relatives who resided in the same household and who owned no automobile. Giving all due allowance for the demands of clarity and preciseness in a contract of this type, to find ambiguity would be manifestly contrary to the obvious and intended meaning of the language used. Where there is no ambiguity, construction is neither required nor permitted.[2]

---

[1]This provision is as follows: "The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

[2]Hauenstein v. St. Paul-Mercury Ind. Co. 242 Minn. 354, 65 N. W. (2d)

2. Contrary to plaintiff's contention, restriction of this extended coverage to resident relatives who do not own an automobile is neither unreasonable as being devoid of purpose nor inconsistent with the objective of extending coverage to residents of the insured's household. Although we could agree, as plaintiff argues, that ownership of an automobile by a relative may diminish rather than increase the risks covered, decreasing the risk does not appear to be the purpose of the exclusion. Rather, the purpose of the exclusion is to require any resident relative who owns an automobile to obtain this coverage as a part of a policy of his own. No one could successfully contend that this is not a legitimate business purpose of an insurance company. It is wholly consistent with the objective of affording coverage to all relatives of the insured resident in his household who cannot obtain this coverage any other way. It excludes only those who, as owners of automobiles, can obtain this coverage by their own efforts and might do so to comply with our Safety Responsibility Act, Minn. St. c. 170.

The cases relied on by plaintiff are only generally relevant. Those cases, as well as those relied on by defendant, when applied to the facts, require a holding that there is no ambiguity or unreasonable and capricious effect in any of the challenged provisions of the policy.

Affirmed.

---

122; Phil G. Ruvelson, Inc. v. St. Paul Fire & Marine Ins. Co. 235 Minn. 243, 50 N. W. (2d) 629; Wilson v. Travelers Ins. Co. 214 Minn. 379, 8 N. W. (2d) 236, 145 A. L. R. 939.