SWANN, Judge.
The plaintiffs’ three year old son suffered a skull fracture with alleged resultant permanent brain damage when he fell from an outdoor staircase or landing on the third floor of the apartment house in which the plaintiffs lived. Negligence was alleged in the landlord’s allowing one or more of the following hazards to be on his premises:
a) Loose handrailings
b) Dangerous widely spaced handrailings
c) Improper placement of handrailing
d) Debris and foreign materials upon the steps
e) Construction or maintenance of an unsafe guard railing
f) Unsafe stairway
At trial, the plaintiffs suffered a directed verdict and they now appeal, asserting error in the entry of the directed verdict; in the refusal of the trial judge to permit the minor plaintiff to testify, and in the exclusion from evidence of certain photographs of the child taken after hospital treatment. On appeal, the plaintiffs also allege negligence in the landlord’s failure to put a latch or safety catch on the door leading to the stairway from the common hallway. This, however, was not made an issue by the pleadings and was not properly before the trial court. It may not, therefore, be raised for the first time on appeal.
There is no evidence in the record to indicate whether the minor plaintiff slipped, tripped, jumped or was pushed; whether he went through, under or over the railings, or whether he went down the stairs (i. e. at what point of the three story stairway he began his fall). Plaintiffs say that notwithstanding these deficiencies there was sufficient circumstantial evidence of negli *321 gence and proximate cause to take the matter to the jury and to prevent the entry of a directed verdict.[1]
The inferences to he drawn from the circumstantial evidence in this case were too speculative to have warranted submission of the case to a jury for a determination of proximate cause of the child’s fall. As was stated in Winn-Dixie Stores, Inc. v. Manning, Fla.App.1962, 143 So.2d 339, 342:
* * * * * *
“ * * * Circumstantial evidence in a civil action will not support jury inference if that evidence is purely speculative and is inadequate to produce an inference outweighing all contrary or opposing inferences. * * * ”
* * * * * *
See also Nielson v. City of Sarasota, Fla.1960, 117 So.2d 731.
The discretion of the trial judge appears to have been properly exercised in refusing to permit the minor plaintiff to testify at trial. The trial judge was afforded the opportunities to view and examine the child on two different occasions. The child was three at the time of the accident and five at trial. He did not know where he lived, where he went to church, or with whom he was living. He stated that he lived only with his mother, when in fact he was living with his parents and six other children. His description of the circumstances surrounding his fall varied significantly on the second occasion from the version he gave on the first day.
The exclusion of the photographs taken upon the child’s release from the hospital does not constitute reversible error, since this would seem to have a bearing only on the extent of the injuries suffered rather than on the possible cause of the fall. Section 924.33, Florida Statutes, F.S.A.
The plaintiffs having failed to sustain their burden of proving the allegations of negligence, and no reversible error having been demonstrated, this matter is, accordingly,
' Affirmed.

. Tucker Bros., Inc. v. Menard, Fla.1956, 90 So.2d 908; Majeske v. Palm Beach Kennel Club, Fla.App.1959, 117 So.2d 531.