[Civ. No. 23614.    First Dist., Div. Three.    Apr. 19, 1967.]

COLTIDA LOPEZ et al., Plaintiffs and Respondents, **v.** STATE FARM FIRE AND CASUALTY COMPANY, Defendant and Appellant.

Bledsoe, Smith, Cathcart, Johnson & Rogers and Robert A. Seligson for Defendant and Appellant.

Moreno & Parmelee and William F. Moreno for Plaintiffs and Respondents.

DRAPER, P. J.—Rosalie Lopez, a minor, lived in the same household with her parents. She owned an automobile which she insured with defendant. The policy, as required by law (Ins. Code, § 11580.2), provided uninsured motorist coverage. Pedro Lopez, Rosalie's father, owned an automobile on which he had no insurance. On August 4, 1963, Pedro, while on foot, was struck by another uninsured automobile. He sustained injuries which caused his death. His widow and children joined as plaintiffs in this action seeking declaration that they are entitled to recovery from the insurer of Rosalie's car for the wrongful death of Pedro. The trial court held that (1) Pedro was an insured under Rosalie's policy, and thus his heirs may recover upon it in a wrongful death action; (2) each of the heirs suffered an injury by the death of Pedro, and the coverage limit thus is $20,000 rather than $10,000; (3) the medical pay provision of Rosalie's policy requires payment of medical and funeral expenses. Defendant appeals.

The policy extends uninsured motorist coverage to relatives of the named insured, and defines that term to mean "a relative of the named insured or of his spouse, who is a resident of the same household, provided neither such relative nor his spouse owns a private passenger automobile." Since Pedro owned an automobile, this clause would exclude him from protection against an uninsured motorist.

But the insurer's obligation is fixed by statute (Ins. Code,

§ 11580.2). As in effect at the date of this policy and of the accident, it required that every automobile liability policy cover the insured or his legal representative for sums they are entitled to recover from the owner or operator of an uninsured motor vehicle as damages for bodily injury or death. "[T]he term 'insured' means the named insured and the spouse of the named insured and relatives of either while residents of the same household while occupants of a motor vehicle or otherwise. . . ." (Subd. (b).)

■ The statute expresses the public policy of this state requiring uninsured motorist coverage. Such coverage may be omitted from a policy only upon written agreement of insured and insurer, and mere acceptance of a liability policy with terms more restrictive than the statute is not to be deemed a waiver of the statutory coverage (*Mission Ins. Co.* v. *Brown,* 63 Cal.2d 508 [47 Cal.Rptr. 363, 407 P.2d 275] ; *Hendricks* v. *Meritplan Ins. Co.,* 205 Cal.App.2d 133 [22 Cal.Rptr. 682]). It follows that the policy provision excluding from such coverage a family member who owns an automobile cannot prevail.

The case relied upon by defendant (*Smitke* v. *Travelers Indem. Co.,* 264 Minn. 212 [118 N.W.2d 217]) is not in point. No Minnesota statute required uninsured motorist coverage. The question was merely whether such coverage, voluntarily extended, could be restricted to relatives who were not themselves automobile owners, and *Smitke* holds that this restriction is not, of itself, arbitrary, capricious or unreasonable. But the California Legislature has required specified protection against uninsured motorists. Defendant's argument that it should exclude one who doesn't insure his own car would better be addressed to the Legislature. The statute is clear, and must prevail over a more restrictive policy provision.

■ No statute, however, requires medical pay coverage, save as medical expense may be an element of the liability indemnified against. Thus the parties are free to negotiate upon the subject. Although Pedro Lopez was not an occupant of Rosalie's car, Rosalie's policy does provide for payment of medical expenses to or for a "relative," resident in the same household, who is struck by any automobile. But Part I, which provides this coverage, also expressly excludes from the term "relative" one who himself owns an automobile. Since Pedro did own a car, the exclusion clearly extends to him. Thus there can be no recovery under the medical payment clause here.

■ The policy limits recovery under the uninsured motorist provision to $10,000 "for all damages, including damages for care and loss of services arising out of bodily injury sustained by one person in any one accident," or to $20,000 for damages "for bodily injury sustained by two or more persons." The code requires "coverage limits at least equal to the financial responsibility requirements specified in section 16059 of the Vehicle Code." That section prescribes limits of $10,000 "because of bodily injury to or death of one person in any one accident," or $20,000 for like injury to or death of "two or more persons." Thus the policy is not inconsistent with the statute. Only one person, Pedro Lopez, was injured in the accident here in issue, and his death resulted from the accident. Plaintiffs argue that Rosalie, her two brothers who lived in the same household, and their mother were all within the term "insured," as used in the policy, and that in light of the wrongful death statute (Code Civ. Proc., § 377) each of them suffered injury by Pedro's death. But such injuries obviously were not "bodily injury" (see *Valdez* v. *Interinsurance Exchange*, 246 Cal.App.2d 1 [54 Cal.Rptr. 906]; *Perkins* v. *Fireman's Fund Indem. Co.*, 44 Cal.App.2d 427 [112 P.2d 670]). As to them, the $10,000 limit applies and the trial court erred in fixing the higher limit.

The judgment is affirmed insofar as it declares defendant liable for damages to be awarded for the death of Pedro Lopez, but is reversed as to its other declarations, with direction to enter judgment declaring that the limit of liability for such damages is $10,000, and that only such damages as are recoverable from the uninsured motorist are within the policy coverage. Each party shall bear its own costs on appeal.

Salsman, J., and Brown (H. C.), J., concurred.