214 So.2d 749 (1968)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,
v.
Jose S. PORRAS, Appellee.
No. 68-206.
District Court of Appeal of Florida. Third District.
October 15, 1968.
Rehearing Denied November 5, 1968.
Dean, Adams, George & Wood and David L. Willing, Miami, for appellant.
Ligman, Shepherd & Nettlow and John E. Bassett, Miami, for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL, and SWANN, JJ.
BARKDULL, Judge.
The question involved in this cause is whether or not the appellee had, under an insurance policy issued in the State of New York, uninsured motorists coverage for an accident which occurred in Dade County, Florida. The following provisions are found in the policy: As to coverage, it reads as follows:
* * * * * *
"Total Premium * * * $3.00  Uninsured Motorists: See Endorsement #613 Attached."
* * * * * *
The endorsement reads as follows:
* * * * * *
"It is agreed that such insurance as is afforded by the policy or by any endorsement used therewith, other than the New York Automobile Accident Indemnification Coverage, with respect to damages which the insured shall become legally entitled to recover from the owner or operator of an uninsured automobile, does not apply to any accident occurring within the State of New York.
* * * * * *
"1. Damages for Bodily Injury Caused by Uninsured Automobiles
"MVAIC will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured *750 automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and MVAIC or, if they fail to agree, by arbitration.
* * * * * *
"III. Territory
"This endorsement applies only to accidents which occur within the State of New York."
* * * * * *
The trial judge held that there was coverage without the State of New York. We agree, and affirm either under the doctrine that the policy being ambiguous and the facts not being in dispute, it was within the province of the trial judge to resolve the ambiguity as a matter of law [New Amsterdam Casualty Company v. Addison, Fla.App. 1964, 169 So.2d 877; Miller Electric Company of Florida v. Employers' Liability Assurance Corporation, Fla.App. 1965, 171 So.2d 40; Financial Fire & Casualty Company v. Callaham, Fla.App. 1967, 199 So.2d 529], or that by the very terms of the policy there was no ambiguity and that the insured had uninsured motorists coverage outside the State of New York and, within the State of New York, had coverage under a New York statute which created the Motor Vehicle Accident Indemnification Corporation. Therefore, we affirm the trial judge in granting a summary judgment adjudicating coverage in favor of the insured.
We have examined the other point urged by the appellant and find this point not to be well taken, because same was not originally raised in the trial court. Oliva v. Baum, Fla.App. 1967, 194 So.2d 319; Radiation, Inc. v. Campbell, Fla.App. 1967, 200 So.2d 192; Jackson v. Whitmire Construction Company, Fla.App. 1967, 202 So.2d 861.
Therefore, for the reasons above stated, the summary final judgment here under review be and the same is hereby affirmed.
Affirmed.