232 So.2d 213 (1970)
LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Foreign Corporation, Authorized to Do Business in the State of Florida, Appellant,
v.
Benjamin KESSLER and Ruth Kessler, His Wife, Appellees.
No. 69-573.
District Court of Appeal of Florida, Third District.
February 24, 1970.
Rehearing Denied March 18, 1970.
*214 Richard E. Hardwick, Coral Gables, and Raymond V. Perosino, Hialeah, Sam Daniels, Miami, for appellant.
Fuller & Brumer, Bolles, Goodwin, Ryskamp & Ware, Miami, for appellees.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
Liberty Mutual appeals from a summary final judgment for the appellees, the Kesslers. The facts are not disputed and were stipulated to in the trial court.
Liberty issued an automobile insurance policy to William Berg covering two automobiles owned by Berg. Berg's sister, Ruth Kessler, and her husband, Benjamin, were living in Berg's home at all times material to this suit. Benjamin Kessler owned an uninsured 1964 Chrysler automobile.
While Berg's policy with Liberty was in effect, the Kesslers were injured in an accident with an uninsured motorist. At the time of the accident, Mr. Kessler was driving and his wife was a passenger in his uninsured Chrysler.
After the accident, the Kesslers claimed they were insured under the uninsured motorists coverage of Berg's policy with Liberty. Liberty denied their claim and a law suit followed. Both sides moved for summary judgment and the trial court held that the Kesslers were insured under the provisions of the uninsured motorists coverage of Berg's policy with Liberty. Liberty has appealed.
The sole point on appeal is whether the trial court erred in finding and holding that the Kesslers were insured under the uninsured motorists coverage of the Liberty policy when they had an accident with an uninsured motorist while riding in the uninsured Chrysler automobile owned by Benjamin Kessler.
It is agreed that the Liberty policy with Berg provided "protection against uninsured motorists" as required by § 627.0851, Fla. Stat. The statute has been interpreted to provide that no automobile liability policy shall be delivered in Florida unless uninsured motorists coverage is offered or provided for the protection of persons insured thereunder. (Emphasis added) In Davis v. United States Fidelity & Guaranty Co. of Baltimore, Md., Fla. App. 1965, 172 So.2d 485, it was stated that this statute "established the public policy of this state to be that every insured, within the definition of that term as defined in the policy, is entitled to recover * * *." (Emphasis added) The question then, is whether the Kesslers are "persons insured" within the definition of that term as described in the policy. Cf. Smitke v. Travelers Indemnity Company, 264 Minn. 212, 118 N.W.2d 217 (1962).
In this policy the persons insured under the uninsured motorists coverage are described in pertinent part as the "named insured (Berg) and any relative."
In Florida the uninsured motorist statute does not define the words "persons insured" or "named insured". Cf. Lopez v. State Farm Fire & Casualty Company, 250 Cal. App.2d 210, 58 Cal. Rptr. 243 (1967). A relative is defined, under the pertinent provisions of the policy as follows:
"`relative' means a person related to the named insured by blood, marriage or *215 adoption who is a resident of the same household, provided neither such relative nor his spouse owns a private passenger automobile; * * *" Emphasis added. added.
The Kesslers were related to the named insured, Berg, by blood and marriage, resided in the same household with him and Mr. Kessler owned a private passenger Chrysler automobile which was uninsured. They do not appear to be "persons insured" under the uninsured motorist provisions of this policy. Cf. United States Fidelity & Guaranty Company v. Webb, Fla. App. 1966, 191 So.2d 869.
In Morrison Assurance Company, Inc. v. Polak, Fla. 1969, 230 So.2d 6, filed December 17, 1969, the Florida Supreme Court, in discussing Webb, supra, and other cases stated in pertinent language:
* * * * * *
"And in United States Fidelity & Guaranty Co. v. Webb, Fla.App. 1966, 191 So.2d 869, the First District Court of Appeal upheld a clause in an uninsured motorist endorsement excluding from such coverage all vehicles owned by the insured or a relative living in his household that were not scheduled and insured under the uninsured motorist endorsement. This decision was re-affirmed in the Travelers case, [Travelers Indemnity Co. v. Powell, Fla.App.] supra, 206 So.2d 244, with this comment:
`* * * we adhere to the Webb decision, it being our view, at that time and today, that it was not the intent of Section 627.0851, Florida Statutes, F.S.A., to allow a member of a family to purchase one liability policy and claim total coverage thereunder for the entire family while vastly increasing the risk to his insurer by knowingly owning and operating a fleet of uninsured vehicles upon the highways.'
We are unable to reconcile the decision of the First District Court of Appeal in Sellers, supra, [Sellers v. Government Employees Ins. Co., Fla.App.] 214 So.2d 879, with its decisions in the cases referred to above. As brought out in those decisions, the uninsured motorist statute, Sec. 627.0851, Fla. Stat., F.S.A., does not require a car owner to take out uninsured motorist coverage. He may reject it as to one or more or all owned vehicles. If clauses limiting the liability of the insurer to the statutory minimum and excluding liability for vehicles that are not scheduled and insured under the uninsured motorist endorsement are valid  and it was so held by the court in the decisions referred to above, with which we agree * * *." (Emphasis added)
Under the definitions in this policy and the rationale of Webb and Polak, supra, we hold the trial court erred in ruling that the Kesslers were "persons insured" under the uninsured motorist coverage of the insurance policy between Liberty and Berg.
The Kesslers persuasively argue that this policy definition of "relative" is invalid because it violates the public policy of Florida.
The record does not reflect that this issue was raised or determined in the court below and we will not consider it for the first time on appeal. See United Services Automobile Association v. Porras, Fla.App. 1968, 214 So.2d 749; Radiation, Inc. v. Campbell, Fla.App. 1967, 200 So.2d 192; and Oliva v. Baum, Fla.App. 1967, 194 So.2d 319.
In addition, Liberty also argues that the Kesslers could not recover because of certain exclusionary clauses contained in the policy. We see no need to discuss this contention in view of our finding that the Kesslers were not persons insured under the terms and provisions of this policy. Cf. Hanover Insurance Company v. Bramlitt, Fla.App. 1969, 228 So.2d 288.
The summary judgment for the Kesslers is, therefore, reversed and the cause remanded with directions to enter a summary final judgment for the appellant insurance company.
It is so ordered.