265 So.2d 543 (1972)
Katherine GILLIGAN et al., Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
No. 71-219.
District Court of Appeal of Florida, Fourth District.
August 7, 1972.
Rehearings Denied September 6, 1972.
*544 Robert C. Lane, and Kenneth L. Ryskamp, of Bolles, Goodwin, Ryskamp & Ware, Miami, and Abrams, Anton, Robbins, Resnick & Burke, Hollywood, for appellants.
Thomas B. Mimms, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
MAGER, Judge.
This is an appeal from a final summary judgment finding that the appellants, defendants below, were not entitled to coverage under the uninsured motorists provisions of the policy between the defendant Gilligan and the appellee, Liberty Mutual Insurance Company, plaintiff below.
Katherine Gilligan, Lewis Well and his wife, Elizabeth Well, were involved in an automobile accident with an uninsured motorist. Mrs. Gilligan and Mrs. Well are sisters. At the time of the accident Mrs. Gilligan was driving and Mr. and Mrs. Well were riding as passengers in an automobile owned by Mr. Well (and insured by a company other than Liberty Mutual). Liberty Mutual had previously issued an insurance policy to Mrs. Gilligan insuring her own automobile (one other than the vehicle involved in the accident in question). The insurance policy issued to Mrs. Gilligan provided uninsured motorists coverage. For approximately ten months prior to the accident in question Mr. and Mrs. Well lived with Mrs. Gilligan in her house having previously sold their home and having been in the process of having a new home built.
The basis for holding that defendants were entitled to no coverage under the uninsured motorists provision of the policy between Gilligan and Liberty Mutual is reflected *545 in the following portion of the final judgment:
"3. The policy of insurance issued by Liberty Mutual Insurance Company contains a valid provision that coverage does not apply to an automobile not insured under the policy which is owned by, or furnished or available for the regular use of the named insured or any resident of the same household, and that the exclusion fits the facts of this case."
The policy provision referred to in the above quoted portion of the final judgment appears in the Liberty Mutual policy under the heading Exclusions and provides:
"This policy does not apply:

"Under the Uninsured Motorists Coverage,
(q) to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or by any person resident in the same household who is related to the named insured by blood, marriage or adoption, or through being struck by such a vehicle; ..." (Emphasis added.)
The record irrefutably shows that Mrs. Gilligan (insured) was injured while occupying an automobile (other than her own insured automobile) and that the automobile was owned by Mr. Well who was a resident in the same household and who was related to Mrs. Gilligan by marriage (brother-in-law).
As the trial court correctly observed the exclusionary provision fits the facts of this case. However, it is our opinion that under the rationale of Mullis v. State Farm Mutual Automobile Insurance Co., Fla. 1971, 252 So.2d 229, and Travelers Indemnity Company v. Powell, Fla.App. 1968, 206 So.2d 244, the exclusionary clause is invalid insofar as it restricts uninsured motorists coverage.
In Travelers the First District pointed out that the uninsured motorists statute (F.S. § 627.0851) establishes a public policy of the state that every insured is entitled to recover against the offending motorist just as if the offending motorist had maintained a policy of liability insurance. The court further declared that such public policy is violated "by any restrictive language inserted in an insurance policy having the effect of defeating the purpose and intent of the statute, and such provisions must be considered nugatory and void". Observing further, the First District indicated that:
"... It is not the intent of the statute to limit coverage to an insured by specifying his location or the particular vehicle he is occupying at the time of the injury. ...". (Emphasis added.)
This rationale and philosophy was further amplified by the Supreme Court of Florida in Mullis as follows, at page 233 of 252 So.2d:
"Whenever bodily injury is inflicted upon named insured or insured members of his family by the negligence of an uninsured motorist, under whatever conditions, locations, or circumstances, any of such insureds happen to be in at the time, they are covered by uninsured motorist liability insurance issued pursuant to requirements of Section 627.0851. They may be pedestrians at the time of such injury, they may be riding in motor vehicles of others or in public conveyances and they may occupy motor vehicles (including Honda motorcycles) owned by but which are not `insured automobiles' of named insured." (Emphasis added.)
And at page 234:
"Insurers or carriers writing automobile liability insurance and reciprocal uninsured motorist insurance are not permitted by law to insert provisions in the policies they issue that exclude or reduce *546 the liability coverage prescribed by law for the class of persons insured thereunder who are legally entitled to recover damages from owners or operators of motor vehicles because of bodily injury." (Emphasis added.)
Mrs. Gilligan was clearly entitled to the protection offered by uninsured motorists coverage as contemplated by statute. The fact that she was injured while operating a vehicle other than her own personal car, such vehicle being owned by a person who was a resident in the same household and related by marriage to Mrs. Gilligan, cannot serve to impair the intended application of the uninsured motorists provisions. "The statute does not contemplate the piecemeal whittling away of liability for injuries caused by uninsured motorists", Mullis, supra.
A different situation however exists with respect to uninsured motorist coverage for defendants, Mr. and Mrs. Well. Liberty Mutual's policy contains a provision that "the named insured or any relative" are deemed to be insured under the uninsured motorists coverage. The word "relative" however is defined by the policy to mean "a person related to the named insured by blood, marriage or adoption who was a resident of the same household provided neither such relative nor his spouse owns a private passenger automobile; ...". Since the automobile involved was owned by Mr. Well, by reason of the foregoing definition the defendants Mr. and Mrs. Well are not "persons insured" under the uninsured motorists provisions of the Liberty Mutual policy. See Liberty Mutual Fire Insurance Company v. Kessler, Fla.App. 1970, 232 So.2d 213.
In light of the foregoing it is the opinion of this Court that with respect to defendant Gilligan, the trial court erred in entering summary judgment for Liberty Mutual; accordingly, the summary judgment for Liberty Mutual is reversed and the cause remanded with directions to enter summary final judgment for the defendant Gilligan. With respect to defendants Mr. and Mrs. Well this Court is of the view that the trial court did not err in entering summary judgment for Liberty Mutual; in this regard the summary judgment for Liberty Mutual is affirmed.
Reversed, in part; affirmed, in part.
WALDEN and OWEN, JJ., concur.