339 So.2d 702 (1976)
JARUAGUA ENTERPRISES, INC., Appellant,
v.
DOM, INC., a Florida Non-Profit Corporation, Appellee.
JARUAGUA ENTERPRISES, INC., Appellant,
v.
MIRACLE INVESTMENT CORP., Appellee.
Nos. 75-1947 and 75-1957.
District Court of Appeal of Florida, Third District.
November 23, 1976.
Rehearings Denied December 15, 1976.
Rehearings Denied December 30, 1976.
Noriega, Bartel, Chopp, Schatz, Levine & Shuford, Miami, for appellant.
*703 Joseph M. Fitzgerald, Miami, Ainslee R. Ferdie, Coral Gables, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
In this mortgage foreclosure action, plaintiff, Dom, Inc., was the first purchase money mortgagee; defendant, cross-plaintiff, Miracle Investment Corp., was the purchaser of the property from Dom and the original first mortgagor in the first purchase money mortgage; and Jaruagua Enterprises, Inc., defendant, cross-defendant, is the subsequent purchaser of the property and second mortgagor with Miracle. Jaruagua takes an appeal from an order awarding attorneys fees to the plaintiff, Dom, Inc., and an interlocutory appeal from an order denying its motion to strike and dismiss as a sham the amended cross-claim of defendant, Miracle Investment Corp. The appeal and the interlocutory appeal are consolidated herein.
The record reflects that on July 6, 1973, Dom sold property to Miracle and took back a purchase money first mortgage. On January 17, 1974, Miracle conveyed the property to Jaruagua by a warranty deed, which was subject to an additional purchase money mortgage. The additional purchase money mortgage was a second mortgage which Miracle took back on the sale of the property to Jaruagua and which contained unique bonus clause provisions designed to survive any release of lien of the mortgage. On July 10, 1974, Miracle gave Jaruagua a satisfaction of mortgage which purported to satisfy the second mortgage, but which did not constitute a release of the bonus clauses. Subsequently, a complaint was filed by Dom to foreclose the first mortgage. Miracle answered admitting that it was in default, and filed a cross-claim against Jaruagua seeking a vendor's lien in the property to the extent of monies due Miracle by Jaruagua. The satisfaction of mortgage, the terms of which provided that Miracle was released from all "in rem claims against the property" was attached to the cross-claim.
Jaruagua filed a motion to dismiss the cross-claim which the trial court granted on the grounds that the attached satisfaction of mortgage released Jaruagua from "in rem" claims. Thereafter, Miracle filed an amended cross-claim against Jaruagua seeking a lien against the property but failed to attach the satisfaction of mortgage. Jaruagua filed a motion to dismiss and to strike the amended cross-claim on the grounds that it was a sham. The trial judge denied the motion. Dom then filed a motion for summary judgment in the foreclosure action, but the matter was settled by Jaruagua paying the full amount due from Miracle. Attorneys fees were awarded to Dom in the amount of $12,500.00, against Jaruagua, and this appeal and interlocutory appeal ensued.
On appeal from the order awarding attorneys fees to the plaintiff, Dom, Inc., Jaruagua raises two points. The first is that it was error to hold Jaruagua liable for attorneys fees assessable under the terms of the note and mortgage in default, when Jaruagua did not assume the mortgage, but merely took title subject to it. It is clear from the record that the entitlement of Dom to an award of attorneys fees against Jaruagua was not objected to or questioned by Jaruagua in the trial court. A matter raised for the first time on appeal and not originally raised in the trial court is not well taken. United Services Automobile Association v. Porras, 214 So.2d 749 (Fla. 3rd DCA 1968), and cases cited therein. Therefore, no reversible error is shown on this point.
The second point is that the amount of attorneys fees awarded was excessive. The record reflects that the attorneys fees allowed by the trial court were well within the range of the testimony presented by the expert witnesses of both parties, relating to reasonable fees for the legal services performed. While the court was not bound by such testimony, we cannot fault the court for following it. Accord: City of Miami Beach v. Liflans Corporation, 259 So.2d 515 (Fla. 3rd DCA 1972). We find that Jaruagua *704 has not shown that the amount of fees allowed were such as to constitute an abuse of discretion by the trial judge.
In the interlocutory appeal, Jaruagua contends that the trial court erred in denying its motion to strike the amended cross-claim of defendant Miracle as a sham. We find this point to be without merit. The law governing a motion to strike a pleading as a sham is set out in this court's recent decision in the case of Slatko v. Virgin, 328 So.2d 499 (Fla. 3rd DCA 1976). The opinion states that in order to justify the striking of a pleading as a sham or false, it must be so undoubtedly false as not to be subject to a genuine issue of fact; a pleading may be stricken as a sham only where it is shown to be palpably or inherently false. In this case, the record fails to demonstrate that the cross-claim was clearly false or that it was a mere pretense set up in bad faith and without color of fact. Accordingly, we hold that the trial court did not err in denying Jaruagua's motion to strike as a sham.
Affirmed.