Patricia ANDERSON, Respondent,

v.

ILLINOIS FARMERS INSURANCE COMPANY, Appellant.

No. 48176.

Supreme Court of Minnesota.

June 23, 1978.

---

8. This is the rule in most jurisdictions. See, 3 Wigmore, Evidence (Chadbourn Rev.) § 784; McCormick, Evidence (2 ed.) § 8.

Rider, Bennett, Egan, Johnson & Arundel and William J. George, Minneapolis, for appellant.

Nicholas Sherwood, Conrad J. Carr, Minneapolis, for respondent.

Heard before ROGOSHESKE, YETKA and WAHL, JJ., and considered and decided by the court en banc.

YETKA, Justice.

Appeal by defendant from a declaratory judgment entered June 14, 1977, in district court. The court denied defendant's motion for summary judgment and determined that the plaintiff was an insured for the purposes of uninsured motorist protection under two insurance policies issued by defendant to plaintiff's stepfather. We affirm.

This case was submitted to the trial court on stipulated facts which may be summarized as follows: Plaintiff was injured on October 21, 1974, while riding as a passenger in an uninsured automobile. She owned an automobile which was insured and which paid her full uninsured motorist coverage policy limits of $10,000. Her damages, however, exceeded $10,000. At the time of the accident, plaintiff resided with her mother and stepfather. Her stepfather owned two automobiles insured under two separate policies with defendant. The limits under the policies were $50,000 for any one injury and $100,000 for any accident. The liability section contained the following definitions:

"The unqualified word 'insured' includes

"(a) with respect to the described automobile,

"(1) the named insured, and

"(2) any other person while using such automobile and any other person or organization legally responsible for its use, provided the actual use of such

automobile is by the named insured or with his permission; and

"(b) with respect to a non-owned automobile,

"(1) the named insured or a relative, and

"(2) any other person or organization not owning or hiring such automobile if legally responsible for its use by the named insured or a relative, but only in the event such named insured or relative is legally liable for the occurrence; provided the actual use of the non-owned automobile by the persons in (1) and (2) above is with the permission of the owner * * *.

* * * * * *

"Relative means a relative of the named insured who is a resident of the same household, *provided neither such relative nor his spouse owns an automobile.*" (Italics supplied.)

In the uninsured motorist coverage, the definition of "relative" was incorporated by reference from the liability section and "insured" was defined as follows:

"Insured means (1) the named insured *or a relative,* (2) any other person while occupying an insured motor vehicle, and (3) any person with respect to damages he is entitled to recover because of bodily injury to which Part II applies sustained by an insured under (1) or (2) above." (Italics supplied.)

Defendant denied plaintiff's claim for recovery under her stepfather's policies on the ground that she was not an "insured" under the above definition of "relative." The trial court determined that the definition of "relative" reduced uninsured-motorist coverage below the statutory requirements and invalidated it.

Thus, the legal issue presented by this case is whether an automobile liability insurance policy issued pursuant to Minn.St. 1971, § 65B.22, may limit uninsured-motorist coverage by definition to resident relatives who do not own an automobile?

In its memorandum, the trial court declined to apply the case of *Smitke v. Travelers Indemnity Co.,* 264 Minn. 212, 118 N.W.2d 217 (1962). In *Smitke* this court held that a definition of "relative," essentially identical to the definition in the present case, in uninsured-motorist coverage was neither ambiguous nor inconsistent with the policies underlying the Safety Responsibility Act. This court held that it was entirely consistent with the objective of affording coverage to all household members who were otherwise unable to obtain coverage to exclude those who owned a car and who could thus obtain their own uninsured motorist protection. The trial court concluded that *Smitke* was inapplicable because at the time *Smitke* was decided uninsured motorist coverage was not mandatory in automobile liability policies.

■ At the time of plaintiff's accident, § 65B.22 required that all automobile liability policies include uninsured motorist coverage.[1] This statute defined a policy of automobile liability insurance in relevant part as follows:

" * * * a policy delivered or issued for delivery in this state, insuring a natural person as named insured, and *any relative or relatives of the named insured* who is a resident of the same household covering automobiles owned by the insured * * *." (Italics supplied.)

Section 65B.22, subd. 3, then required uninsured motorist protection in any automobile or motor vehicle liability policy " * * * for the protection of persons insured thereunder * * *." Defendant argues that despite this statute *Smitke* is still good law. It argues that the failure to define either "insured" or "relative" in the statute leaves the scope of those terms open. Defendant further argues that its restriction is not inconsistent with mandatory coverage because Minn.St. 65B.43, subd. 5, makes a similar restriction in the definition of insured for the purposes of the no-fault stat-

---

1. This statute was repealed by L.1974, c. 408, the no-fault law, effective January 1, 1975.

Minn.St. 65B.49, subd. 4, now mandates uninsured-motorist coverage.

ute.[2] Thus, defendant argues that the policy enunciated in *Smitke* of encouraging all owners of automobiles to obtain uninsured motorist protection continued through Minn.St.1971, § 65B.22, and has been transformed into a requirement under the no-fault law.

 The legislature's failure to define "relative" indicates an intention to broadly include relatives within the class of insureds. In contrast to the present no-fault law's explicit exclusion of persons already insured from coverage under another policy, the failure to so restrict "relative" in § 65B.22, expresses a purpose to include even those who own their own automobile. The restriction in present law may be explained by the requirement of universal liability insurance. There is a discontinuity in Minnesota law regarding uninsured motorists. In the law in effect when *Smitke* was decided, neither liability insurance nor uninsured-motorist insurance was required. Under § 65B.22, if liability insurance was obtained, then uninsured motorist insurance was required. Under the no-fault law, both liability and uninsured motorist coverage are required. Each statutory scheme reflects different policy considerations and different means of effecting the purpose of general automobile liability insurance coverage.

The trial court relied upon the case of *Lopez v. State Farm Fire and Cas. Co.*, 250 Cal.App.2d 210, 58 Cal.Rptr. 243 (1967), and plaintiff argues that this reasoning was correct. In *Lopez*, the court struck down a definition of "relative" essentially identical to the definition in the present policy. The California court expressly rejected the rea-

soning of *Smitke* because uninsured motorist protection was not required in Minnesota. The court also noted that California law required uninsured motorist coverage for the insured and that "insured" was defined as—

" * * * the named insured and the spouse of the named insured and relatives of either while residents of the same household while occupants of a motor vehicle or otherwise * * *." 250 Cal. App.2d 212, 58 Cal.Rptr. 244.[3]

It held that the policy could not provide less coverage than was mandated by the statute and invalidated the provision.

Defendant argues that the trial court's reliance on *Lopez* is misplaced because the Minnesota statute did not define "insured" or "relative." It cites several other cases which uphold the validity of similar definitions of "relative." [4]

This case then turns on a determination of whether § 65B.22 required uninsured motorist coverage for relatives, and thus whether defendant's insurance policy reduced coverage below that requirement. Because the Minnesota statute did by implication what the California statute did expressly, the trial court's reasoning was correct.

 Plaintiff argues that § 65B.22 impliedly required uninsured motorist coverage for all resident relatives of a named insured in an automobile liability policy. This argument depends in part upon construing § 65B.22 with Minn.St.1971, § 65B.23. Section 65B.23 provided in part:

---

2. Minn.St. 65B.43, subd. 5, defines "insured" in part as: " * * * an insured under a plan of reparation security as provided by Laws 1974, Chapter 408, including the named insured and the following persons not identified by name as an insured while (a) residing in the same household with the named insured and (b) *not identified by name in any other contract for a plan of reparation security complying with Laws 1974, Chapter 408 as an insured*:
 "(1) a spouse,
 "(2) other relative of a named insured or
 "(3) a minor in the custody of a named insured or of a relative residing in the same

household with a named insured." (Italics supplied.)

3. The definition is from the Cal.Ins.Code, § 11580.2, subd. (b) (West 1967).

4. *Farmers Ins. Co. of Washington v. Miller*, 87 Wash.2d 70, 549 P.2d 9 (1976); *Liberty Mutual Fire Ins. Co. v. Kessler*, 232 So.2d 213 (Fla.Dist. Ct.App.1970); *Gilligan v. Liberty Mutual Ins. Co.*, 265 So.2d 543 (Fla.Dist.Ct.App.1972); *Miller v. Shelby Mutual Ins. Co.*, 20 Ohio App.2d 323, 49 Ohio O.2d 451, 253 N.E.2d 801 (1969).

"Subdivision 1. (a) No policy of automobile liability insurance as defined in section 65B.14, written or renewed after July 1, 1969, shall contain an exclusion of liability for damages for bodily injury solely because the injured person is a resident or member of an insured's household or related to the insured by blood or marriage.

"(b) No policy of automobile liability insurance as defined in section 65B.14, written or renewed after July 1, 1971, shall contain an exclusion of liability for damages for bodily injury sustained by any person who is a named insured, except where such injury is sustained by a named insured who is driving the insured automobile at the time such injury is sustained. Nothing contained in this subdivision shall prohibit an insurer from issuing a named driver exclusionary endorsement voiding the policy wherein the insured automobile is being driven by the excluded driver." [5]

Plaintiff argues that this statute, when read together with § 65B.22, mandates coverage for relatives living in the named insured's household. Defendant contends that § 65B.23 does not apply, by its terms, to uninsured motorist coverage. This latter contention is mistaken because if the automobile liability provisions of a policy may not exclude relatives as a class, the uninsured motorist coverage must cover the same relatives as "persons insured thereunder."

Defendant further argues that its definition of "relative" operates no differently than does a "named-driver" exclusion which is permitted by § 65B.23. An exclusion for a "named driver," however, depends upon a specific determination, while the definition of "relative" in the policy precludes an entire class from recovery. If defendant had wished to exclude plaintiff from liability coverage and thus from uninsured motorist coverage, it should have excluded her by name.

Defendant also relies upon several cases from other jurisdictions which uphold the validity of definitions like the one at issue in the present case. Two Florida District Court of Appeal cases, whose reasoning was rejected by the trial court, are cited by the defendant in support of its position. In *Liberty Mutual Fire Ins. Co. v. Kessler*, 232 So.2d 213 (Fla.Dist.App.1970), the court upheld the validity of the exclusionary definition of "relative" in the uninsured motorist coverage of a liability policy. The court simply construed the policy and refused to consider whether the definition of "relative" contravened public policy because the issue had not been litigated at trial.

In *Gilligan v. Liberty Mutual Ins. Co.*, 265 So.2d 543 (Fla.Dist.Ct.App.1972), the court found that relatives of the named insured who owned an uninsured motor vehicle and resided with the named insured were not relatives for the purposes of a policy containing the same restrictive definition as in the present case. It simply cited *Liberty Mutual Fire Ins. Co. v. Kessler, supra*, without discussion. In the same case, however, the court struck down an exclusionary clause which precluded recovery for an insured when riding in an automobile other than the insured automobile. The Florida Supreme Court, 1 year earlier in *Mullis v. State Farm Mutual Ins. Co.*, 252 So.2d 229 (Fla.1971), had invalidated the same exclusionary clause. Minnesota has also held that an exclusion of uninsured-motorist insurance to a person insured under a particular policy based upon the insured's location is invalid. *Nygaard v. State Farm Mutual Auto Ins. Co.*, 301 Minn. 10, 221 N.W.2d 151 (1974).

Plaintiff argues that *Mullis* effectively overrules *Kessler* and thus that the *Gilligan* opinion is wrongly decided. In *Mullis*, the Florida Supreme Court effectively concluded that its uninsured motorist scheme required all relatives of a named insured be covered under an automobile liability policy despite the statute's seeming silence on the issue. The Florida court cited a California case which contains a discussion of California's uninsured motorist statute similar to

---

**5.** This statute was also repealed by the no-fault law.

the discussion in *Lopez v. State Farm Fire and Cas. Co., supra.*[6] The Florida Supreme Court determined that its statute required uninsured motorist coverage for two classes of insureds: class one includes the named insured and resident relatives who are covered regardless of location; class two includes other occupants of the insured vehicle while occupying that vehicle. We believe that the first class must be provided with coverage under our statute as well and may not be excluded by class in a restrictive definition or in an exclusionary clause.[7]

The present case differs from the exclusionary-clause cases because it does not purport to exclude a person who is otherwise insured from uninsured motorist coverage. Rather, it purports to exclude a defined class from all policy coverage. Without the provisions of § 65B.23, it might be more difficult to invalidate this definition of relative. But under that statute the appellant not only had the right but the duty to specifically exclude plaintiff by name if it intended her to have no coverage under her stepfather's policy.[8]

The trial court is affirmed.

OTIS, J., took no part in the consideration or decision of this case.

---

**6.** *Aetna Ins. Co. v. Hurst,* 2 Cal.App.3d 1067, 83 Cal.Rptr. 156 (1969), struck down an exclusionary clause in uninsured motorist coverage. The clause was the same as that found in *Mullis v. State Farm Mutual Ins. Co.,* 252 So.2d 229 (Fla.1971), and similar to that in *Nygaard v. State Farm Mutual Auto Ins. Co.,* 301 Minn. 10, 221 N.W.2d 151 (1974).

**7.** We are not persuaded by the other cases which defendant cites. *Farmers Ins. Co. of Washington v. Miller, supra,* attempts to distinguish exclusionary clauses and restrictive definitions. The Washington court did not, however, discuss whether its statute required relative coverage. *Miller v. Shelby Mutual Ins. Co., supra,* involved an issue of policy construction not present in this case.

**8.** The scope of the purported exclusionary definition is quite broad. By its terms, it would exclude a resident relative from coverage if a nonresident spouse owned an uninsured motor vehicle.