**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, as assignee and servicing agent for the Minnesota Automobile Assigned Claims Bureau, Respondent,**

v.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Respondent,**

**Mutual Service Casualty Insurance Company, Appellant.**

No. C1-89-4.

Court of Appeals of Minnesota.

April 25, 1989.

James A. Stein, Hessian, McKasy & Soderberg, Saint Paul, for American Family Mut. Ins. Co.

Michael W. McNee, Mark A. Gwin, Cousineau, McGuire, Shaughnessy & Anderson, Chtd., Minneapolis, for Universal Underwriters Ins. Co.

Richard J. Kruger, Richard J. Kruger & Associates, St. Paul, for Mut. Service Cas. Ins. Co.

Heard, considered and decided by NORTON, P.J., and FORSBERG and MULALLY,* JJ.

## OPINION

FORSBERG, Judge.

Mutual Service Casualty Insurance Co. (MSI) appeals summary judgment finding them primary insurer and ordering payment of statutory interest in the amount of 15 percent for failure to pay no-fault benefits promptly. We affirm.

## FACTS

In February 1984, James Martin took his 1972 Ford van to Midway Ford for repair. The van was insured by MSI. While his van was in Midway's shop, Martin made arrangements with the used car manager to borrow a 1979 Chevrolet van for the weekend. Martin agreed he would provide insurance coverage. Martin called his MSI agent, Marlowe House, and informed him he was borrowing the van and wanted to know if he was covered. House admits he told Martin the Chevrolet van was a temporary substitute car. The Chevrolet van was covered under Midway Ford's garage

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

policy through Universal Underwriters Insurance Co. (Universal).

John Elzie, with Martin's permission, was driving the Chevrolet van when it rolled over and passenger Walter Stowers sustained severe injuries. Stowers incurred medical expenses and suffered wage loss. No other vehicle was involved in the accident. Stowers did not own an automobile nor was he a named insured on any automobile policy.

Stowers filed no-fault claims with both MSI and Universal. The claims were denied; each company asserting the other company should cover the loss. Stowers' claim was submitted to the Minnesota Automobile Assigned Claims Bureau, which assigned responsibility for the claim to American Family Insurance Co. (American).

American paid $20,000 in medical expenses and $10,000 in income and disability loss benefits. American demanded reimbursement from MSI and Universal on June 14, 1985. Again, both companies denied responsibility and American brought a declaratory judgment action. The trial court found MSI was the responsible insurer and awarded 15 percent statutory penalty on unpaid no-fault claims. MSI appeals.

## ISSUES

1. Did MSI's policy provide primary coverage for the no-fault benefits paid to an injured party?

2. Is an insurer who pays no-fault benefits under the assigned claims plan and commences a subrogation action against the insurer whose policy provides coverage entitled to 15 percent statutory interest under Minn.Stat. § 65B.54?

## ANALYSIS

On appeal from summary judgment this court must determine if there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). This case involves insurance policy and statutory interpretation, rather than fact questions.

### I.

■ Every owner of a motor vehicle licensed, registered, or principally garaged in Minnesota must maintain a plan of reparation,

insuring against loss resulting from liability imposed by law for injury and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle.

Minn.Stat. § 65B.48, subd. 1 (1982).

It is not disputed that Midway Ford owned the van involved in the accident. Universal concedes that in the absence of other insurance, their policy would provide basic economic loss benefits. Universal relies on "other insurance" clauses in their policy to relieve them of coverage under the facts of this case.

The MSI policy also provides basic economic loss benefits "to an insured caused by an accident resulting from the maintenance or use of a motor vehicle as a vehicle." An insured car includes a "temporary substitute car" which is a car not owned by you or your spouse and replaces your car for a short time. "Your car" (the insured car) must be out of use. On the facts of this case, the 1979 van was a temporary substitute car. As a passenger in the car, Stowers was an insured. MSI's policy did not contain an "other insurance" clause in its no-fault coverage section.

■ Appellant MSI argues that because the No-Fault Act requires an owner of a vehicle to carry no-fault coverage, any attempt by an owner or its insurer to avoid this requirement must be declared void. *See Anderson v. Illinois Farmers Insurance Co.*, 269 N.W.2d 702 (Minn.1978) (insurance company could not exclude an entire class of driver's from coverage simply because the drivers had their own automobiles). We do not believe Universal has tried to avoid this statutory obligation.

The purpose of the No-Fault Act is "[t]o relieve the severe economic distress of uncompensated injured persons[.]" Minn.

Stat. § 65B.42(1) (1982). That purpose has been served in the case. Midway Ford, as owner of the vehicle, provided no-fault coverage in the absence of other applicable insurance. There will not be an uncompensated victim. A class of people was not excluded from coverage as in *Anderson.* The issue is which company was the primary insurer. The policies issued by MSI and Universal support the court's determination that MSI was the primary insurer.

## II.

Minn.Stat. § 65B.54, subd. 2 (1982) provides for payment of 15 percent interest on overdue payments. The purpose of the interest is to compensate the insured and "to punish insurance companies for their failure to pay proceeds on time and to motivate them to pay on time." *Burniece v. Illinois Farmers Insurance Co.,* 384 N.W.2d 615, 616 (Minn.Ct.App.1986), *reversed on other grounds,* 398 N.W.2d 542 (Minn.1987). On review, the supreme court reiterated that the purpose of interest was both to compensate and encourage prompt payment.

There is nothing in the statute to prohibit awarding interest to the subrogated insurer. American stands in the place of Stowers and is entitled to whatever Stowers would receive. With regard to the punitive aspect, the focus is on forcing the reluctant payor to pay promptly. To whom payment is made is irrelevant. The court correctly awarded 15 percent interest.

## DECISION

Affirmed.