**AMERICAN FIRE & CASUALTY COMPANY, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation, Respondent.**

No. C9–95–2351.

Court of Appeals of Minnesota.

April 30, 1996.

Charles E. Gillin, Karen R. Cote, Jardine, Logan & O'Brien, P.L.L.P., St. Paul, for appellant.

Scott P. Drawe, Stich, Angell, Kreidler, Brownson & Ballou, P.A., Minneapolis, for respondent.

Considered and decided by DAVIES, P.J., PARKER and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

American Fire & Casualty Company appeals from summary judgment, arguing the district court erred in finding that respondent Liberty Mutual Insurance Company's policy excluded no-fault personal injury coverage where the driver was insured under an American Fire policy. We affirm.

## FACTS

On September 22, 1992, Carri Williams brought her car to Brookdale Ford for service and repairs. Williams's car was insured by American Fire. As part of its business, Brookdale Ford loaned Williams a car at no charge while her car was being repaired. The loaned car was insured by Liberty Mutual.

That same day, Williams was injured in an accident while driving the loaned car, incurring medical expenses and lost wages. Williams submitted a claim for reimbursement to American Fire, which paid Williams $15,000. Williams's policy with American Fire provided personal injury coverage

> in accordance with the Minnesota no-fault automobile insurance act * * * incurred with respect to bodily injury sustained by an eligible injured person caused by an accident arising out of the maintenance or use of a motor vehicle as a vehicle * * *.

American Fire brought a subrogation action against Liberty Mutual for the amount American Fire paid to Williams. The Liberty Mutual policy provided coverage as follows:

> The Company will pay in accordance with the Minnesota no-fault automobile insurance act personal injury protection benefits incurred with respect to bodily injury sustained by an **insured** caused by an **accident** arising out of the maintenance or use of a **motor vehicle** as a vehicle or through being struck by a motorcycle.

An "insured" was defined as "[a]ny other person who sustains **bodily injury** while **occupying** the **insured motor vehicle**." Liberty Mutual's policy contained an exclusion as follows:

> We will not pay Personal Injury Protection benefits for bodily injury:
>     * * * *
> 2.  Sustained by any person, other than the Named Insured * * *, if such person is entitled to personal injury protection * * * as a Named Insured * * * under the terms of any other Coverage form or policy with respect to such coverage.

After commencing the action, both parties stipulated to the facts and then moved for summary judgment. The district court granted summary judgment in favor of Liberty Mutual, finding that although its policy was primary, the exclusion validly denied American Fire's subrogation claim.

## ISSUE

Did the district court err in deciding Liberty Mutual's exclusion of no-fault coverage was valid?

## ANALYSIS

■ According to the parties' stipulation, there are no genuine issues of material fact, and the only issue is whether the trial court correctly applied the law. When the facts are undisputed, the trial court's conclusions of law do not bind this court. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn. 1977).

■ American Fire argues Liberty Mutual's exclusion is void because it attempts to rewrite the priority provisions of the No-Fault Act. *See Iverson v. State Farm Mut. Auto. Ins. Co.*, 295 N.W.2d 573, 574 (Minn. 1980) (voiding exclusion that precluded recovery of no-fault benefits because injuries arose out of use of vehicle that was owned, but not insured, by policyholder). We disagree.[1]

In a case factually similar to this case, an exclusion for no-fault benefits was upheld as valid. *American Family Mut. Ins. Co. v. Universal Underwriters Ins. Co.*, 438 N.W.2d 701, 703 (Minn.App.1989). In that case, the insured took his van to Midway Ford for repairs and was given a replacement van. *Id.* at 702. The replacement van was covered by Ford's garage policy issued by Universal but contained an exclusion for no-fault benefits if the injured person was insured by another policy. *Id.* at 702–03. This court determined that the replacement van was covered by the insured's policy with Mutual Service Casualty Insurance Co. (MSI). *Id.* at 703.

---

1.  Liberty Mutual argues the district court erred in concluding that its policy was primary under the No-Fault Priority Statute. We conclude Liberty Mutual is barred from arguing priority on appeal because it failed to file a notice of review for this issue. *See Meister v. Western Nat. Mut. Ins. Co.*, 479 N.W.2d 372, 379 (Minn.1992) (refusing to address priority because issue decided adversely to respondent and not raised on appeal); *Arndt v. American Family Ins. Co.*, 394 N.W.2d 791, 793 (Minn.1986) (refusing to address respondent insurance company's issue on appeal where no notice of review filed for that issue).

This court rejected MSI's argument that "any attempt by an owner or its insurer to avoid [providing no-fault coverage] must be declared void." *Id.* We held that Universal was not trying to avoid coverage and that the purpose of the No–Fault Act was fulfilled because the insured had coverage under his MSI policy. *Id.* at 703–04.

The purpose of the No–Fault Act is "[t]o relieve the severe economic distress of uncompensated victims of automobile accidents * * *." Minn.Stat. § 65B.42(1) (1994). An insurer may limit its liability by the terms of the insurance contract so "long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes." *Streich v. American Family Mut. Ins. Co.,* 358 N.W.2d 396, 399 (Minn.1984).

Here, Liberty Mutual's exclusion does not omit or prevent coverage required by the No–Fault Act. Williams is still covered by the policy insuring her own vehicle. *See* Minn. Stat. § 65B.47, subd. 4(a) (1994) ("security for * * * basic economic loss benefits * * * is the security under which injured person is an insured."). We conclude, therefore, that Liberty Mutual's exclusion is valid.

### DECISION

The district court did not err in finding that Liberty Mutual's no-fault exclusion is valid. Accordingly, we affirm the district court's summary judgment dismissing American Fire's subrogation action against Liberty Mutual.

**Affirmed.**