# MUN QUON KOK *v.* PACIFIC INSURANCE CO., LTD.

## No. 4855.

DECEMBER 11, 1969.

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* The only question on this appeal is whether Mun Quon Kok, appellant, is an insured within the uninsured motorists provisions of the policy issued to his son. The uninsured motorists portion of the policy, part IV, provides:

"Definitions.

The definitions under Part I, except the definition of 'insured,' apply to Part IV, and under Part IV:

'insured' means:

(a) the named insured and any relative."

Part I provides:

"Definitions.

'relative' means a relative of the named insured who is a resident of the same household."

We hold that part IV of the policy unambiguously and clearly states that insured means the named insured and any relative of the named insured who is a resident

of the same household. Part IV specifically incorporates the definitions under Part I. Part I defines relative. Appellant has presented no persuasive argument or legal authority for the proposition that the above provisions are ambiguous. *Smitke* v. *Travelers Indemnity Company,* 264 Minn. 212, 118 N.W. 2d 217 (1962), involved almost identical provisions. There the insurance policy on page 5 listed numerous "definitions as used in this policy" including a definition of relative as a relative of the named insured who is a resident of the same household. Page 9, in the uninsured motorists provision, provided that insured meant named insured and any relative. The uninsured motorists provision did not directly incorporate the definition by reference. The court held that the definition of relative applied throughout the policy, including the uninsured motorists provision, that the policy was clear and unambiguous and thus there was no room for interpretation or construction.

The only question left is whether appellant is a relative of the named insured and is a resident of the same household as the named insured. Appellant is the father of the named insured. The stipulated facts show: (1) appellant rented a room on Maunakea Street, Honolulu; (2) named insured lived at 1457 Pule Place, Honolulu; (3) named insured took two meals a day to his father at his rooming house; (4) appellant received his mail at named insured's house and named insured took the mail to appellant.

The lower court found that these facts did not make appellant a resident of the same household. We agree. Granting that insurance policies are construed in favor of coverage, *Appleton* v. *Merchants Mut. Ins. Co.,* 16 App. Div. 2d 361, 228 N.Y.S. 2d 442 (1962), and that actual residence under a common roof is not an absolute requirement, appellant has cited no cases which would indicate

that the above facts are sufficient to make appellant a resident of the same household as the named insured. *Appleton* v. *Merchants Mut. Ins. Co., supra,* and *Allstate Ins. Co.* v. *Jahrling,* 188 N.E. 2d 791, 238 N.Y.S. 2d 517 (1963), hold temporary absence while on military duty does not change prior and continuing residence with parents; *Mazzilli* v. *Acc. & Cas. Ins. Co.,* 35 N.J. 1, 170 A.2d 800 (1961), holds that husband, and wife and child, living in separate houses on the same property were all residents of the same household because of the continuance of a substantially integrated family relationship; in *Fay* v. *John Waldron Corp.,* 117 N.J.L. 123, 187 A. 140 (1936), where a father, due to lack of money, has his two sons live with his sister, while he rooms away during the week near his job, but who returns on week-ends and supports the children, the court held that the two sons are actually part of father's household. In this case there was no showing of temporary absence, no showing that appellant ever lived at named insured's residence, no showing of support beyond two meals a day. There simply are not enough facts to justify a finding that appellant was a resident of the same household as named insured.

Judgment affirmed.

*Ken Harimoto* (*Chuck & Fujiyama* of counsel) for appellant.

*Ronald D. Libkuman* (*Libkuman, Shimabukuro & Ventura* of counsel) for appellee.