[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Walter L. Brown, sued both William A. George as the driver and George W. Bierce, Jr., d/b/a Family Auto Center, as the owner of a 1986 Cadillac, for personal injuries he alleges to have sustained in an automobile accident on August 10, 1988 on Main Street in Stratford. The plaintiff claims that George was operating this vehicle "in the course of his agency and/or employment and was the agent and/or employee" of defendant Bierce. In filing two special defenses to the complaint, Bierce alleged that George was not his employee, and that he did not own the 1986 Cadillac in question.
Bierce has now moved for summary judgment on the basis that he did not own the vehicle that collided with that driven by the plaintiff. Practice Book 379.
The police accident report submitted in connection with the motion indicates that the vehicle being operated by George at the time of the accident bore dealer license plate DG1580, which belonged to defendant Bierce. Also submitted was a Certificate of Search from the Department of Motor Vehicles, which indicated that the 1986 Cadillac with Vehicle Identification Number 1G6KS6981GU812749, driven by George, was actually owned by Total Care Systems, Inc. of Stratford. Bierce also filed his own affidavit indicating that although George had worked for him in the past, such employment had ceased approximately three months prior to the accident. Bierce also stated that during the time George was in his employ Bierce had provided George with the dealer license plate that was on the vehicle involved in the accident with the plaintiff. Bierce stated that he had requested George to return this plate after George left his employ, but that George had failed to do so.
The plaintiff did not file any affidavit or other document in response to the motion for summary judgment. At oral argument he asserted, however, that General Statutes 52-183, which creates a presumption that an operator of a vehicle he does not own is the agent of the owner and operating in the course of his employment,[1]
suffices to raise a genuine issue of material fact as to ownership of the vehicle in question, and therefore requires a denial of summary judgment.
The criteria for the granting of summary judgment were reiterated just last week by the Appellate Court in Cummings 
Lockwood v. Gray, 26 Conn. App. 293, 296-97, A.2d (1991), and can be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) the moving party CT Page 894 has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most favorable to the nonmovant, and the test is whether the moving party would be entitled to a directed verdict on the same facts; (in) a material fact is one that will make a difference in the outcome of the case; and (iv) once the movant presents evidence supporting a motion for summary judgment, the nonmoving party must demonstrate the existence of a genuine issue of material fact by submitting evidence disclosing the existence of such an issue.
According to General Statutes 14-1(56) an owner of a motor vehicle is defined as one who holds title to it, or has the legal right to register it. Bierce does not fit this definition. The vehicle was not registered in his name. Scalora v. Shaughnessy, 151 Conn. 252, 256,196 A.2d 763 (1963), held that: "if a dealer's plates are affixed to a motor vehicle, they constitute prima facie evidence of the ownership of that vehicle by the dealer to whom those plates were issued." Defendant Bierce's affidavit indicates that he did not own the 1986 Cadillac in question at the time of the accident, nor did he ever own this particular vehicle. The document from the Motor Vehicle Department makes it clear that this vehicle was owned at the time of the accident by someone other than Bierce.
Thus the prima facie evidence of ownership based on the presence of a dealer license plate on this automobile has been effectively rebutted. Plaintiffs reliance on General Statutes 52-183 is therefore misplaced, since this statute only comes into play after ownership has first been determined. ("This statute, however, would apply only if the plaintiffs proved that the Shaughnessy car was owned by the defendants"). Id., 254. To the same effect is Anderson v. Nedovich, 19 Conn. App. 85,89, 561 A.2d 948 (1989) (". . . General Statutes 52-183 . . . creates a presumption that the operator of a motor vehicle is the owner's agent and places the burden of rebutting the presumption on the defendant. To take advantage of this presumption, the plaintiff must demonstrate that the defendant is the owner of the vehicle").[2]
DeRubbo v. Aetna Insurance Co., 161 Conn. 388, 393,288 A.2d 430 (1971), stated that it would be unjust to hold liable one who had already sold a particular motor vehicle before it was involved in an accident, but had neglected to provide the buyer with a certificate of title so that the new buyer could register the vehicle in his own name. In this case, the moving party Bierce never owned the vehicle in question, and it would seem at least equally unjust to hold him liable to the plaintiff under these circumstances. His only error was a failure to get back the dealers plate he had given to a former employee who later affixed it to a vehicle owned by a third party. This would not render him liable to the plaintiff in my opinion, and therefor summary judgment is appropriate as there are no genuine issues of material fact. CT Page 895
Accordingly judgment may enter in favor of defendant Bierce.
So Ordered.
Dated at Bridgeport, Connecticut, this 2nd day of January, 1992.
WILLIAM B. LEWIS, JUDGE