[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Virginia Remington, Administratrix of the Estate of William K. Remington, has instituted this action against the defendant, Aetna Casualty Surety Company, seeking to collect underinsured benefits under a contract of insurance issued by the defendant to Virginia Remington. The plaintiff's decedent, William K. Remington, died on May 22, 1990, from injuries he received in an automobile accident the previous day. It is the plaintiff's claim that her decedent was a covered person under the insurance policy issued by the defendant, and she seeks to recover underinsured motorists benefits in connection with the injuries and death suffered by her decedent.
Before the court is the defendant's motion for summary judgment claiming that the deceased William K. Remington was not a covered person under the insurance policy issued to Virginia Remington, that there is no genuine issue as to any material fact with respect to that claim, and therefore, that the defendant is entitled to judgment as a matter of law.
In support of the motion the defendant has filed a copy of the insurance policy referred to above which was in effect from February 27, 1990 to August 27, 1990, portions of the deposition testimony of the plaintiff, and a copy of William K. Remington's 1989 federal income tax return which was furnished by the CT Page 5225 plaintiff in response to the defendant's request for production. In opposition to the motion the plaintiff has filed the entire transcript of the deposition of the plaintiff. The parties also have filed appropriate memoranda of law.
Summary judgment may be granted under 384 of the Connecticut Practice Book "when all the documents submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connelly v. Housing Authority, 213 Conn. 354,364, 567 A.2d 1212 (1990); Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983). Although the party seeking summary judgment has the burden of showing the non-existence of any material fact: Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81, 595 A.2d 334
(1991); "it is incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." Connell v. Colwell, 214 Conn. 242, 251, 571 A.2d 116
(1990). "The presence. . .of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1990). In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the non-moving party. Strada v. Connecticut Newspaper, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Telesco v. Telesco, 187 Conn. 715, 718, 447 A.2d 752 (1982). Mere assertions of facts, whether contained in a complaint or a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380. Velardi v. Ryder Truck Rental,178 Conn. 371, 375, 443 A.2d 77 (1979).
The issue raised by the motion for summary judgment is whether the defendant has shown through the pleadings, affidavits and other proof submitted in support of the motion that there is no genuine issue of material fact with respect to its claim that William K. Remington was not a "covered person" under the insurance policy in question on the day of the accident which resulted in his death.
The documentary evidence shows that the insurance policy which was in effect at the time of the accidental death of the CT Page 5226 decedent affords uninsured motorists coverage in pertinent part in the following language: "We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury. . . sustained by a covered person." The policy defines a "covered person" as "you or any family member". "You" and "your" is defined as "the named insured and the spouse if a resident of the same household". The plaintiff does not claim that William K. Remington was a covered person under the designation "you", but does claim that he was a "family member". The policy defines "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child."
Therefore, in order for the plaintiff Administratrix to prevail in this litigation, she will have to prove, inter alia, that at the time of the automobile accident William K. Remington was related to Virginia Remington, the named insured, by blood, marriage or adoption and that he was then a resident of her household. If the defendant establishes that there is no genuine issue of material fact with respect to either of these two issues, then it will prevail on the motion for summary judgment. There is no claim by the plaintiff that William K. Remington was related to her Virginia Remington blood or adoption or that he was a ward or a foster child.
The documentary evidence shows, and it is not disputed, that Robert Remington had three children from a previous marriage, one of whom was William, when he married Virginia in 1966. At the time of the marriage a stepmother-stepson relationship was created between Virginia and William. Robert Remington died in 1986.
Thus, in considering whether William K. Remington was a covered person under the insurance policy, two issues are relevant: (1) whether a stepparent-stepchild relationship survives the death of the child's natural parent, so that the child and the spouse of the deceased natural parent remain related by marriage within the meaning of an insurance contract that extends coverage to persons related by marriage to the named insured; and (2) was the decedent a resident of Virginia Remington's household at the time of the decedent's accident.
The finding of the court with respect to the second issue is dispositive of the motion for summary judgment. Irrespective of CT Page 5227 whether the decedent was related by marriage to the named insured at the time of the accident on May 21, 1990, the court concludes, based on all the documentary evidence submitted, that the defendant has shown that William K. Remington was not a resident of Virginia Remington's household on May 21, 1990 and that there is no genuine issue of material fact in this regard.
The general rules governing the interpretation of written contracts, including insurance contracts, are quite clear.
 ". . .`When the language of a policy is plan and unambiguous the terms must be accorded their natural and ordinary meaning. LaBonte v. Federal Mutual Ins. Co., 159 Conn. 252, 256, 268 A.2d 663; Lyon v. Aetna Casualty Surety Co., 140 Conn. 304, 99 A.2d 141.' DeRubbo v. Aetna Ins. Co., 161 Conn. 388, 392, 288 A.2d 430. `A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings. A. M. Larson Co. v. Lawlor Ins. Agency., Inc., . . . [153 Conn. 618, 622, 220 A.2d 32]; Downs v. National Casualty Co., . . . [146 Conn. 490, 494, 152 A.2d 316].' Marcolini v. Allstate Ins. Co., 160 Conn. 280, 284, 278 A.2d 796. No persuasive argument or legal authority has been submitted for the proposition that the controlling words of the policy, `resident of the same household,' are ambiguous. The Supreme Courts of Hawaii and Minnesota, in considering the same provisions in insurance policies, have concluded that the words are not ambiguous, and we agree with their conclusions. Mun Quon Kok v. Pacific Ins. Co., 51 Haw. 470, 462 P.2d 909; Smitke v. Travelers Indemnity Co., 264 Minn. 212, 118 N.W.2d 217.
CT Page 5228
 The common and ordinary meaning of "household" as defined in Webster's Third New International Dictionary is: `those who dwell under the same roof and compose a family: a domestic establishment; specif: a social unit comprised of those living together in the same dwelling place.' To the same effect, see 41 C.J.S. 367; see also Rathbun v. Aetna Casualty Surety Co., 144 Conn. 165, 169, 128 A.2d 327."
Griffith v. Security Ins. Co., 167 Conn. 450, 453-54 (1975).
The materials submitted in support of the motion for summary judgment establish that on the day of the accident, May 21, 1990, Virginia Remington resided at 155 Nob Hill Road in Cheshire, Connecticut, and the decedent William K. Remington, who was forty years old, resided by himself in an apartment located at 1308 Dixwell Avenue in Hamden. The decedent had resided in that apartment since the middle of February 1990. The decedent had either lived alone or with his brother since 1988, except for the month of January and one or two weeks in February of 1990 when he stayed with his mother in Cheshire. During that five or six week period he stayed for one week in a motel in Cheshire. From the time the decedent moved to 1308 Dixwell Avenue in Hamden in mid-February until his death approximately three months later, he never stayed overnight at Virginia Remington's home in Cheshire. The decedent was a registered voter in Hamden and his federal income tax return signed by him on February 14, 1990 lists 1308 Dixwell Avenue, Hamden, as his address. The decedent had been injured in an automobile accident in 1965 and Virginia Remington handled most of his financial affairs. The Hamden apartment was rented by Virginia Remington for the decedent, the decedent signed his unemployment checks over to her, and she paid the rent on the apartment for the decedent who had no checking account. However, the check for the rent was delivered to the landlord by the decedent. The decedent's clothing and personal effects were kept in Hamden. Virginia Remington did keep some of her late husband's good clothes in Cheshire for the use of the decedent, although there was no evidence that he ever used them. One of the bedrooms in the home in Cheshire was used by the decedent during the time he stayed there, but others have also used that bedroom. The telephone in the Hamden apartment was listed in Virginia Remington's name, but the telephone bill was sent to CT Page 5229 Hamden.
After careful consideration of the documentary evidence submitted by the parties, the court finds that the defendant has established that the decedent William K. Remington was not a resident of Virginia Remington's household on the day of the automobile accident which resulted in his death, that the defendant has shown that there is no genuine issue of material fact in that regard, and therefore the defendant has established that the decedent was not a covered person under the aforesaid insurance policy. Accordingly, the defendant is entitled to judgment as a matter of law.
For the reasons stated above, the defendant's motion for summary judgment is granted.
Hadden, J.