FILED

NOT FOR PUBLICATION

OCT 20 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARCUS YANO,

    Plaintiff - Appellant,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY; DOES 1 -
100, inclusive, and each of them,

    Defendants - Appellees.

No. 12-17479

D.C. No. 1:11-cv-00745-SOM-BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted October 16, 2015[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

After Marcus Yano was injured in a motorcycle accident in September of

2006, he sought uninsured motorist coverage under his father's policy, which was

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

issued by Government Employees Insurance Company (GEICO). The district court properly granted summary judgment against him where Yano was unable to show that he was a resident of his father's household entitled to coverage under the policy. Nor did Yano establish a prima facie case that GEICO investigated his claim in bad faith. We have jurisdiction under 28 U.S.C. § 1291, and on *de novo* review, we affirm.

1. Under the policy issued to Yano's father, an "insured" includes "***relatives*** of [the named insured] if residents of his household." A "relative" is "a person related to ***you*** who resides in ***your*** household."[1]

Mere documentation showing Yano's parents' address is insufficient. *See Park v. GEICO*, 974 P.2d 34, 36, 38 n.3 (Haw. 1999) (finding plaintiff was resident of insured's household even though documents including "voter registration, bank loan records, insurance underwriting records, and correspondence" listed address different from insured's). What matters is whether Yano can show an "intention to remain a member of the family household." *See*

---

[1] The district court cited the definition of "relative" from Section 2 of the GEICO policy held by Yano's father. Yano, however, sought uninsured motorist coverage under Section 4 of the policy. Because Section 4 incorporates by reference the definition of "relative" in Section 1, that is the definition of "relative" applicable here.

*Mikelson v. United Servs. Auto. Ass'n*, 111 P.3d 601, 611 (Haw. 2005). He cannot do so on this record.

Standing alone, frequent, even daily visits to one's parents or keeping clothing at their home does not show an intent to return. *See Mun Quon Kok v. Pac. Ins. Co.*, 462 P.2d 909, 911 (Haw. 1969) (finding father and son did not share a household when there was "no showing of temporary absence, no showing that appellant ever lived at named insured's residence, no showing of support beyond two meals" the son brought the father daily); *Mikelson,* 111 P.3d at 612 (finding that father and son shared a household when, *inter alia*, son was "completely financially dependent" and father declared son as a dependent on tax returns).

At the time he was hurt, Yano was living at an apartment in Honolulu and not with his father. He was financially independent, fully employed, and saving money to buy a house. Yano was not "temporarily absent" from his father's home, waiting to return. *See Mikelson*, 111 P.3d at 611-14 (finding that college student, like someone serving military duty, was "temporarily absent" from father's household). In fact, years before the accident, Yano was living with his first wife, apart from his parents. He then went to serve in Iraq. When his marriage ended during his deployment and he returned to Hawaii, Yano moved into his father's home. He moved out roughly four months later, and nothing in the

3

record indicates he intended to move back in. Accordingly, Yano's temporary residence was not his Honolulu apartment but his father's home.

**2.** GEICO did not act in bad faith by failing to review documents, such as Yano's Statement of Residency, and by belatedly interviewing Yano's parents. Yano has not sufficiently explained how GEICO's interpretation of the resident relative provision in his father's policy was unreasonable in light of Yano's interview with the GEICO investigator.[2] *See Best Place, Inc. v. Penn America Ins. Co.*, 920 P.2d 334, 347 (Haw. 1996) ("[C]onduct based on an interpretation of the insurance contract that is reasonable does not constitute bad faith.").

Yano told the GEICO investigator that he "moved out" of his parents' home and "moved into" his apartment in Honolulu months before the accident. He repeatedly stated that he was "living" in the apartment when the accident occurred and that he would "visit" his parents and have dinner at their home when they would "invite" him. GEICO could reasonably find he was not a resident of his father's household.

---

[2] We reject the conclusions of Yano's expert that GEICO's investigation was unreasonable and conducted in bad faith because these are questions of law properly decided by courts, not experts. *See McHugh v. United Servs. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999).

**3.** GEICO's interviews of Yano's parents in 2011 were not improper depositions. Because they were not taken in accordance with the formal requirements of Federal Rules of Civil Procedure 28(a) or 30(b), they were not depositions at all.

**4.** Yano has presented no facts supporting his claim of intentional infliction of emotional distress.

**AFFIRMED.**